238 N.J. Super. 93 (1990)
569 A.2d 268
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDGAR BAEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1989.
Decided January 22, 1990.
*95 Before Judges J.H. COLEMAN, BRODY and MUIR, Jr.
Alfred A. Slocum, Public Defender, attorney for appellant (Michael B. Jones, Assistant Deputy Public Defender, of counsel and on the brief).
Peter N. Perretti, Jr., Attorney General, attorney for respondent (Catherine Michael, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Following a jury trial, defendant was convicted of third-degree possession of controlled dangerous substances (CDS) with the intent to distribute, contrary to N.J.S.A. 2C:35-5a(1) and -5b(3), and third-degree possession of CDS with the intent to distribute within 1,000 feet of school property, contrary to N.J.S.A. 2C:35-7 (the statute). Those statutes are a part of the Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 et seq. The judge imposed concurrent five-year terms of imprisonment, including a discretionary 2 1/2-year period of parole ineligibility for possession with the intent to distribute and a mandatory 3-year period of parole ineligibility for possession with the intent to distribute near school property. The judge also imposed fines and statutory fees and penalties including suspension of defendant's driver's license for an aggregate period of 24 months.
The State presented evidence that police stationed on the roof of an unidentified apartment building observed defendant standing on the sidewalk receiving money in exchange for small unidentified objects which he obtained from under the wheel of a nearby parked car. When arrested, moments after these observations, defendant was in possession of $93 cash and three tinfoil packets of cocaine. The arresting officers found nine glassine envelopes containing heroin under the wheel of the parked car.
*96 Defendant argues that the trial judge should have granted his motion for judgment of acquittal as to the charge of possession near school property because the State failed to prove an element of the offense. At the time of the offense, the statute provided in relevant part:
Any person who violates subsection a. of N.J.S. 2C:35-5 by ... possessing with intent to distribute a controlled dangerous substance ... while on any school property used for school purposes which is owned by any elementary or secondary school or school board, or within 1,000 feet of any school property ... is guilty of a crime of the third degree.... [Emphasis added.]
Defendant argues that although the State presented evidence that he possessed CDS with the intent to distribute while within 1,000 feet of Paterson Public School # 11, it failed to present evidence that the Paterson Board of Education "owned" the property. The trial judge denied the motion by taking judicial notice that the Board owns all public school property in Paterson.
After pointing out that a court may take judicial notice of "statutory law" pursuant to Evid.R. 9(1), the State argues in its brief that a local school board owns all property used for school purposes by reason of N.J.S.A. 18A:20-1. That statute reads in relevant part:
The title to the property, real and personal, of each school district, and the title to all property, real and personal, which shall be acquired for school purposes in the district, is vested and shall vest in the board of education of the district....
Although that statute provides that title to publicly owned property used for public school purposes in a school district is vested in the local school board, a school board need not own all property in the district that is used for public school purposes. Pursuant to N.J.S.A. 18A:20-4.2, a local school board may lease property up to 50 years for school purposes. Apparently after realizing that a school may operate on leased property, the Legislature amended N.J.S.A. 2C:35-7 to include property "owned by or leased to any elementary or secondary school or school board." L. 1988, c. 44, § 3.
*97 We are mindful that principles of due process require that penal statutes be strictly construed to protect a defendant from an incriminating interpretation if a non-incriminating interpretation is also reasonable. State v. Valentin, 105 N.J. 14, 17-18, 519 A.2d 322 (1987). The due process concern is "to avoid fundamental unfairness which might result when those penalized could arguably be said to have misunderstood positive law, or, more realistically, so as to avoid unfairness of arbitrary enforcement." State v. Maguire, 84 N.J. 508, 514 n. 6, 423 A.2d 294 (1980).
Neither of those concerns applies here. It is obvious to those against whom the statute is directed as well as to those who enforce it that the conduct in question is made criminal when it occurs on or within 1,000 feet of property being used for elementary or secondary school purposes. The crime has nothing to do with the nature of the school's or the school board's interest in the property.
The rule requiring strict construction of penal statutes "does not prevent a court from reading the statute in relation to the mischief and evil sought to be suppressed or prevent a court from giving effect to the terms of a statute in accordance with their fair and natural acceptation." State v. Meinken, 10 N.J. 348, 352, 91 A.2d 721 (1952). See also State v. Edwards, 28 N.J. 292, 298, 146 A.2d 209 (1958) ("... the rule of strict construction does not mean that the manifestations of the Legislature's intent should be disregarded").
The Legislature expressed the reasons for enacting N.J.S.A. 2C:35-7 in a statutory statement of policy, N.J.S.A. 2C:35-1.1. That statement does not suggest that the Legislature intended that the particular real estate interest in the school property held by an elementary or secondary school or a school board be an element of the offense. Rather, the purpose for creating the offense was to protect children from the evils of CDS:

*98 It is also the policy of this State to afford special protection to children from the perils of drug trafficking, to ensure that all schools and areas adjacent to schools are kept free from drug distribution activities, and to provide especially stern punishment for those drug offenders who operate on or near schools.... [N.J.S.A. 2C:35-1.1c.]
The Legislature did not intend the language "school property used for school purposes which is owned by [or leased to] any elementary or secondary school or school board, or within 1,000 feet of [such] school property ..." to limit application of the statute depending upon the manner in which title to the school property is held, but rather to limit application of the statute to elementary and secondary schools.
The Commentary to the Comprehensive Drug Reform Act of 1986, released by the Assembly Judiciary Committee, states in part:
The definition of school property is ... limited to elementary and secondary (junior high and high) schools. It does not matter for purposes of this section whether the school is public, private or parochial. The definition of school property, however, does not include nursery, preschool or day care centers; nor does it include colleges, junior colleges, universities or proprietary adult vocational schools.
The Legislature used the words "owned by" and, by amendment, "owned by or leased to" to express what it assumed were the only ways a school or school board could hold title to "school property used for school purposes." The manner in which a school board holds title to property used for school purposes is not an element of an offense that is intended to protect school children.
The remaining issues need only a brief discussion. Detective Davis's expert testimony was admissible. State v. Odom, 116 N.J. 65, 560 A.2d 1198 (1989). The judge surely did not commit plain error by not excluding it sua sponte. State v. Macon, 57 N.J. 325, 336, 273 A.2d 1 (1971).
In his redirect examination, Detective Davis explained that he did not want to identify the precise rooftop from which he made his observations "for fear of retaliation." Defendant argues that the trial judge erred by denying his motion for a mistrial because the jury may have understood that the "police themselves *99 feared retaliation" by defendant or an associate. Whatever the jury may have thought the detective meant, they could not have understood him to mean that he feared harm at the hands of defendant or an associate. If that fear could have kept the detective from testifying against defendant, he would not have testified at all.
We reject defendant's argument that the crimes for which he was convicted merge. State v. Blow, 237 N.J. Super. 184, 567 A.2d 253 (App.Div. 1989).
Finally, defendant's argument that the sentence is excessive is predicated in large part on his perception that the judge imposed the maximum sentence available. Respecting the custodial portion of the sentence, defendant faced an aggregate of ten years in prison, 5 1/2 years without parole eligibility, had the judge imposed consecutive maximum sentences. See State v. Yarbough, 100 N.J. 627, 644, 498 A.2d 1239 (1985), cert. den. 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). The actual aggregate sentence was only half as long, and the three-year parole ineligibility period was mandated by statute. If the fine is unjustly high, defendant may petition the trial court at any time for a reduction. N.J.S.A. 2C:46-3.
The trial judge's application of the Code's sentencing provisions was within statutory guidelines, his findings are supported in the record and he balanced the sentencing factors rationally. State v. Roth, 95 N.J. 334, 364-365, 471 A.2d 370 (1984).
Affirmed.