241 N.J. Super. 92 (1990)
574 A.2d 487
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK GONZALEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1990.
Decided May 8, 1990.
*94 Before Judges J.H. COLEMAN, BRODY and SKILLMAN.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Susan Green, Assistant Deputy Public Defender, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Nancy Peremes, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Defendant sold 0.17 grams of cocaine to an undercover police officer near a high school. As a result, he was convicted under the Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 et seq. (Drug Reform Act), of third-degree unlawful distribution *95 of less than one-half ounce of cocaine, a violation of N.J.S.A. 2C:35-5a(1) and -5b(3), and third-degree distribution of a controlled dangerous substance within 1,000 feet of school property, a violation of N.J.S.A. 2C:35-7 (Section 7). The trial judge imposed two concurrent five-year prison terms, a minimum of three years to be served before parole eligibility for the sale near a school as mandated by Section 7. The judge also imposed for each crime a Drug Enforcement and Demand Reduction (DEDR) penalty of $2,000, a lab fee of $50, and a Violent Crimes Compensation Board penalty of $30. Finally, the judge revoked defendant's driver's license for two years.
Defendant's arguments, which are not directed to his guilt but to various aspects of the sentencing process, are as follows:
I. THE NON-MERGER PROVISION OF N.J.S.A. 2C:35-7 VIOLATES BOTH STATE AND FEDERAL PROHIBITIONS AGAINST DOUBLE JEOPARDY. (U.S. CONST. AMEND. V; N.J. CONST. ART. I, PAR. II). (Not Raised Below.)
A. New Jersey Law Requires Merger To Prevent Defendant From Being Punished Twice For The Same Offense.
B. Notwithstanding N.J.S.A. 2C:35-7 The Defendant's Convictions For Distribution of CDS And Distribution Of CDS Within 1000 Feet Of School Property Should Be Merged.
II. THE "WITHIN 1,000 FEET OF ANY SCHOOL PROPERTY" PROVISION OF N.J.S.A. 2C:35-7 VIOLATES BOTH THE STATE AND FEDERAL CONSTITUTIONS FACIALLY AND AS APPLIED (U.S. CONST. AMEND. V, XIV; N.J. CONST. (1947) ART. I, PAR. 1). (Not Raised Below.)
A. The "Within 1,000 Feet of School Property" Provision of N.J.S.A. 2C:35-7 Is Unconstitutionally Vague On Its Face And As Applied Herein.
B. This Court Should Render N.J.S.A. 2C:35-7 Constitutional By Limiting The Reach Of The Statute To Offenses That Occur Within Schools Or On School Property When School Is In Session And Children Are Present.
C. Application of N.J.S.A. 2C:35-7 To The Case At Bar Denied Defendant Due Process Of Law And Equal Protection Of The Law Under The State And Federal Constitutions.
1. Defendant Was Denied His Right To Due Process Of Law (U.S. Const. Amend. XIV And N.J. Const. (1947) Art. I, Par. 1).
2. Defendant Has Been Denied His Right To Equal Protection Of The Law (U.S. Const. Amend. XIV And N.J. Const. (1947) Art. I, Par. 1).
III. THE MANDATORY DRUG ENFORCEMENT AND DEMAND REDUCTION (DEDR) PENALTIES OF N.J.S.A. 2C:35-15 VIOLATE BOTH STATE AND FEDERAL CONSTITUTIONS.

*96 A. N.J.S.A. 2C:35-15 Is Unconstitutional Because The Mandatory Drug Enforcement And Demand Reduction (DEDR) Penalties Discriminate Against Those Individuals Convicted Of Drug Offenses Since Individuals Convicted Of Non-Drug Offenses Are Not Exposed To Mandatory Fines. (U.S. Const. Amend. XIV; N.J. Const. (1947), Art. I, Par. 1). (Not Raised Below.)
B. N.J.S.A. 2C:35-15 Which Provides For Mandatory Drug Enforcement and Demand Reduction Penalties (DEDR) To Be Imposed On All Persons Convicted Of Offenses Enumerated In The Comprehensive Drug Reform Act Of 1986, N.J.S.A. 2C:35-15 Et Seq., Is Fundamentally Unfair And Therefore Violates The Defendant's Right To Due Process. (U.S. Const. Amend. XIV; N.J. Const. (1947), Art. I, Par. 1). (Not Raised Below.)
C. N.J.S.A. 2C:35-15 Which Provides For Mandatory Drug Enforcement And Demand Reduction (DEDR) Penalties To Be Imposed Upon Individuals Convicted For Drug Offenses Is Cruel And Unusual Punishment. (U.S. Const. Amend. VIII; N.J. Const. (1947), Art. I, Par. 12). (Not Raised Below.)
IV. THE TWO $2,000 DEDR PENALTIES ARE ILLEGAL SINCE N.J.S.A. 2C:35-15 MANDATES $1,000 DEDR PENALTIES FOR THIRD DEGREE OFFENSES.
V. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE GREATER THAN THE PRESUMPTIVE TERM AND IN FAILING TO SET FORTH REASONS ON THE RECORD.
The State concedes that the DEDR penalty for each conviction must be reduced because it exceeds $1,000, the sum mandated by N.J.S.A. 2C:35-15 for the conviction of a third-degree drug crime.
Defendant's challenges to Section 7 have been rejected by this court in several opinions to which we subscribe. State v. Blow, 237 N.J. Super. 184, 567 A.2d 253 (App.Div. 1989) (sustaining constitutionality of non-merger provision of Section 7), State v. Anaya, 238 N.J. Super. 31, 568 A.2d 1208 (App.Div. 1990) (rejecting interpretation of Section 7 that would limit non-merger to mandatory minimum prison term), and State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989) (rejecting other challenges to constitutionality of Section 7).
Our colleague's dissent prompts a brief response. N.J.S.A. 2C:35-5 (Section 5) establishes various crimes related to the manufacture and distribution of controlled dangerous substances. Depending upon the nature and quantity of the substance, the crimes range in seriousness from crimes of the first degree specifically mandating imposition of a minimum term of *97 imprisonment before parole eligibility to crimes of the fourth degree for which there need be no term of imprisonment. It is clear to us that by its enactment of the non-merger provision of Section 7, the Legislature intended that when a defendant is convicted of dealing in CDS near a school, the sentencing judge may impose the full panoply of third-degree-crime penalties, not just the Section 7 mandatory period of parole ineligibility, in addition to the penalties available for conviction of the underlying Section 5 offense.
Recognizing that in some cases non-merger would be contrary to the general merger provisions of the Code found in N.J.S.A. 2C:1-8 and possibly contrary to other merger principles, Section 7 provides, "Notwithstanding the provisions of N.J.S. 2C:1-8 or any other provisions of law, a conviction arising under this section shall not merge with a conviction for a violation of subsection a. of N.J.S. 2C:35-5...." It is hard to imagine the Legislature speaking with a clearer voice. "The provisions of the code shall be construed according to the fair import of their terms...." N.J.S.A. 2C:1-2c.
The non-merger provision of Section 7 affects only Section 5 crimes for which there would otherwise be a merger under N.J.S.A. 2C:1-8 and under more flexible merger principles. Under N.J.S.A. 2C:1-8, each crime must have an element not shared by the other. An element of most of the fourteen Section 5 crimes is dealing in a minimum amount of a controlled dangerous substance (CDS), which is not an element of the Section 7 crime. An element of the Section 7 crime is conduct near a school, which is not an element of the Section 5 crimes. Under more flexible merger principles, the Legislature's concern was different respecting these Section 5 crimes and the Section 7 crime. See State v. Miller, 108 N.J. 112, 118, 527 A.2d 1362 (1987). The Legislature's concern in enacting these Section 5 crimes was to punish those who deal in certain minimum quantities of CDS. Its concern in enacting the Section *98 7 crime was to punish those who deal in any quantity of CDS near schools.
Section 5 crimes that would merge "into" the Section 7 crime under ordinary merger principles are third-degree 5b(3), third-degree 5b(5), third-degree 5b(9), fourth-degree 5b(12), third-degree 5b(13) and fourth-degree 5b(14). These Section 5 crimes, which do not have a minimum quantity of CDS as an element, are of the same or lower degree than the Section 7 crime and do not carry a mandatory period of parole ineligibility. The Section 7 crime, which carries a mandatory period of parole ineligibility, ordinarily would not merge "into" any of them, see State v. Connell, 208 N.J. Super. 688, 696, 506 A.2d 829 (App.Div. 1986). Thus as to these offenses, there is no need for a provision in Section 7 to prevent merger of that crime "into" a Section 5 offense, the only function our dissenting colleague attributes to that provision.
The only Section 5 crime that does not have dealing in a minimum quantity of CDS as an element and is of a higher degree than the third-degree Section 7 crime is second-degree 5b(7), dealing in less than 100 milligrams of lysergic acid diethylamide or less than 10 grams of phencyclidine. We do not believe that the Legislature intended that the only effect of the non-merger provision of Section 7 would be to prevent a merger of dealing in CDS near a school "into" the 5b(7) crime. The provision itself bars merger "with," not "into," a Section 5 conviction. Also, the Legislature knew that there was no need to prevent such merger solely to preserve the mandatory parole ineligibility feature of Section 7, as contended in the dissent, because we previously had held that that feature of the sentence is preserved in a merger. State v. Connell, supra (construing the effect of merging a Graves Act offense that carries a mandatory minimum period of parole ineligibility). "It is well settled that in construing a statute it is to be assumed that the Legislature was and is thoroughly conversant *99 with its own legislation and the judicial construction thereon." State v. McCall, 14 N.J. 538, 547, 103 A.2d 376 (1954).
We are satisfied from a careful review of this record that the other issues raised are clearly without merit and require no further discussion. R. 2:11-3(e)(2).
The matter is remanded to modify the judgment by reducing the DEDR penalties from $2,000 to $1,000 for each conviction. The convictions are otherwise affirmed.
SKILLMAN, J.A.D., concurring in part and dissenting in part.
I interpret the antimerger provision of N.J.S.A. 2C:35-7 to bar the merger of convictions under that section into convictions under N.J.S.A. 2C:35-5a but not to apply to the merger of convictions under N.J.S.A. 2C:35-5a into convictions under N.J.S.A. 2C:35-7. I also would conclude that defendant's conviction for distribution of cocaine, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3), should merge with his conviction for distribution of cocaine within 1,000 feet of school property, in violation of N.J.S.A. 2C:35-7. Accordingly, I dissent from the part of the majority opinion which affirms defendant's conviction and sentence under N.J.S.A. 2C:35-5. I concur in all other respects with the majority's opinion and judgment.

I
It is the court's responsibility in construing a statute "to effectuate the legislative intent in light of the language used and the objects sought to be achieved." State v. Maguire, 84 N.J. 508, 514, 423 A.2d 294 (1980). In performing this responsibility, "[w]e must search for indications of legislative intent or for the inferences that may be drawn from the structure and purpose of the statute." State v. Downie, 117 N.J. 450, 464, 569 A.2d 242 (1990).
To determine the probable intent of the Legislature in including the antimerger provision in N.J.S.A. 2C:35-7, a part of the *100 Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 et seq. (the Act), it is appropriate to discuss briefly the purpose and operation of the doctrine of merger. "Merger is based on the principle that `an accused [who] has committed only one offense ... cannot be punished as if for two.'" State v. Miller, 108 N.J. 112, 116, 527 A.2d 1362 (1987), quoting State v. Davis, 68 N.J. 69, 77, 342 A.2d 841 (1975). Thus, merger is required "where an accused has been convicted for contemporaneous separate offenses which are, in fact or legislative intent, indistinguishable." State v. Best, 70 N.J. 56, 61, 356 A.2d 385 (1976). Moreover, "[m]erger implicates a defendant's substantive constitutional rights." State v. Miller, supra, 108 N.J. at 116, 527 A.2d 1362.
The circumstances under which one offense merges into another are specifically set forth in the Code of Criminal Justice (the Code). N.J.S.A. 2C:1-8a requires the merger of convictions whenever:
(1) One offense is included in the other, as defined in subsection d. of this section;
(2) One offense consists only of a conspiracy or other form of preparation to commit the other;
(3) Inconsistent findings of fact are required to establish the commission of the offenses; or
(4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.
N.J.S.A. 2C:1-8a also provides that where offenses merge, the merged offense must be vacated and a judgment of conviction may be entered solely for the surviving offense. See State v. Connell, 208 N.J. Super. 688, 696, 506 A.2d 829 (1986). The antimerger provision of N.J.S.A. 2C:35-7 should be interpreted in light of this understanding of the normal operation of the merger doctrine.
N.J.S.A. 2C:35-7 provides in pertinent part as follows:
Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary *101 school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35-12, be sentenced by the court to a term of imprisonment. Where the violation involves less than one ounce of marijuana, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater, during which the defendant shall be ineligible for parole. In all other cases, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole. Notwithstanding the provisions of subsection b. of N.J.S. 2C:43-3, a fine of up to $100,000.00 may also be imposed upon any conviction for a violation of this section.

Notwithstanding the provisions of N.J.S. 2C:1-8 or any other provisions of law, a conviction arising under this section shall not merge with a conviction for a violation of subsection a. of N.J.S. 2C:35-5 (manufacturing, distributing or dispensing) or N.J.S. 2C:35-6 (employing a juvenile in a drug distribution scheme). [Emphasis added].
The essential objective of N.J.S.A. 2C:35-7 is to impose a mandatory period of parole ineligibility upon any person who commits one of the specified drug offenses within 1,000 feet of school property or a school bus. See State v. Anaya, 238 N.J. Super. 31, 38-39, 568 A.2d 1208 (App.Div. 1990); State v. Morales, 224 N.J. Super. 72, 83, 539 A.2d 769 (Law Div. 1987). The evident intent of the antimerger provision was to assure that the period of ineligibility mandated by N.J.S.A. 2C:35-7 would not be negated by the merger of a conviction under N.J.S.A. 2C:35-7 into a conviction for another offense which does not mandate a period of parole ineligibility. As observed by one commentator, "although the section theoretically creates a separate offense, its real function is to require a minimum term as part of the sentence of certain offenders who would normally be prosecuted under 2C:35-5." Cannel, Criminal Code Annotated, Comment 3 to N.J.S.A. 2C:35-7 at 579 (1990). Thus, N.J.S.A. 2C:35-5a and N.J.S.A. 2C:35-5b(2) provide that it is a second degree offense to manufacture, distribute or possess with the intent to distribute certain drugs in a quantity of one-half ounce or more but less than five ounces. However, there is no mandatory period of parole ineligibility for this offense. The Legislature was apparently concerned that a *102 third degree conviction under N.J.S.A. 2C:35-7 could be merged into a second degree conviction under N.J.S.A. 2C:35-5a, and that the resulting sentence under N.J.S.A. 2C:35-5b(2) might not include the three year period of parole ineligibility mandated by N.J.S.A. 2C:35-7. The antimerger provision of N.J.S.A. 2C:35-7 precludes this result by prohibiting a conviction under N.J.S.A. 2C:35-7 from merging with a conviction under N.J.S.A. 2C:35-5a.
However, the fact that the Legislature intended to preserve the mandatory parole ineligibility period required by N.J.S.A. 2C:35-7 by prohibiting the merger of conviction under that section into a conviction under N.J.S.A. 2C:35-5a, thus preventing the vacation of the N.J.S.A. 2C:35-7 conviction, does not mean that the Legislature also intended to prohibit the merger of a conviction under N.J.S.A. 2C:35-5a into a conviction under N.J.S.A. 2C:35-7. If the Legislature had intended to prohibit the merger of N.J.S.A. 2C:35-5a convictions into N.J.S.A. 2C:35-7 convictions, it easily could have included an antimerger provision in N.J.S.A. 2C:35-5 as well as in N.J.S.A. 2C:35-7. Indeed, other sections of the Act contain such reciprocal antimerger provisions. For example, even though N.J.S.A. 2C:35-3 contains a provision prohibiting the merger of a conviction for being the leader of a narcotics trafficking network with a conviction for any offense which is the object of the conspiracy, N.J.S.A. 2C:35-6 nevertheless contains a provision prohibiting the merger of a conviction for employing a juvenile in a drug distribution scheme with a conviction for being a leader of a narcotics trafficking network.[1] If the majority's interpretation of the antimerger provision of N.J.S.A. 2C:35-7 were correct, such reciprocal antimerger provisions would be superfluous and therefore unnecessary. Consequently, the omission of any *103 antimerger provision in N.J.S.A. 2C:35-5 leads me to conclude that the Legislature was satisfied to leave questions of the merger of N.J.S.A. 2C:35-5a convictions into N.J.S.A. 2C:35-7 convictions to be decided in accordance with the general principles of merger set forth in N.J.S.A. 2C:1-8a.
The more restrictive interpretation which I would give the antimerger provision of N.J.S.A. 2C:35-7 is also supported by several well established principles of statutory interpretation. First, penal statutes must be strictly construed against the State. State v. Churchdale Leasing, Inc., 115 N.J. 83, 102, 557 A.2d 277 (1989); State v. Valentin, 105 N.J. 14, 17-18, 519 A.2d 322 (1987); In re Suspension of DeMarco, 83 N.J. 25, 36, 414 A.2d 1339 (1980). Thus, "[w]here more than one reasonable interpretation may be made, or where the language is ambiguous  and the ambiguity is not manufactured by the defendant  the construction must be drawn against the state." State v. Valentin, supra, 105 N.J. at 18, 519 A.2d 322. This principle of strict construction applies not only to statutes defining what conduct is prohibited but also to the penalties applicable to prohibited conduct. State v. Churchdale Leasing, Inc., supra, 115 N.J. at 102-103, 557 A.2d 277; In re Suspension of DeMarco, supra, 83 N.J. at 36, 414 A.2d 1339; cf. State v. Dixon, 114 N.J. 111, 117, 553 A.2d 1 (1989). I am satisfied for the reasons previously expressed that the scope of application of the antimerger provision of N.J.S.A. 2C:35-7 is, at best, ambiguous, and that that ambiguity should be construed in favor of the conclusion that it does not bar the merger of a conviction under N.J.S.A. 2C:35-5a into a conviction under N.J.S.A. 2C:35-7.
Another principle supporting this conclusion is that statutes should be construed so as to preserve their constitutionality. State v. LeFurge, 101 N.J. 404, 423, 502 A.2d 35 (1986); State v. Profaci, 56 N.J. 346, 350, 266 A.2d 579 (1970). In State v. Davis, supra, 68 N.J. at 80, 342 A.2d 841, the court stated that "[w]ere the Legislature, in attempting to create separate crimes, to do no more than simply apply different labels to what *104 is in fact the same charge, it would plainly exceed its authority." See also State v. Churchdale Leasing, Inc., supra, 115 N.J. at 107, 557 A.2d 277. Relying upon this language, defendant argues that principles of double jeopardy are violated by subjecting him to multiple punishment under both N.J.S.A. 2C:35-5a and N.J.S.A. 2C:35-7 for a single criminal act. If the Legislature had clearly expressed an intent to impose multiple punishment under separate statutes for the same criminal act, I would be inclined to uphold the constitutionality of that enactment substantially for the reasons expressed in State v. Blow, 237 N.J. Super. 184, 567 A.2d 253 (App.Div. 1989) and State v. Anaya, supra. However, the fact that the State's interpretation of the antimerger provision of N.J.S.A. 2C:35-7 raises significant constitutional questions is a further reason supporting a more restrictive interpretation that does not bar the merger of a conviction under N.J.S.A. 2C:35-5a into a conviction under N.J.S.A. 2C:35-7. See State v. Churchdale Leasing, Inc., supra.
The majority's essential thesis is that the intent I ascribe to the antimerger provision of N.J.S.A. 2C:35-7 would make that provision superfluous because a conviction under N.J.S.A. 2C:35-7 would not merge with a conviction under N.J.S.A. 2C:35-5 even under the general merger principles set forth in N.J.S.A. 2C:1-8 and prior case law, in particular State v. Connell, supra. We held there that "when a Graves Act crime merges with a non-Graves Act crime, the sentence must be at least equal in length to the mandatory sentence required for the Graves Act crime" and that "[i]f the sentencing guidelines for the non-Graves Act crime do not permit that long a sentence, the Graves Act crime survives the merger." 208 N.J. Super. at 696, 506 A.2d 829. The extension of the holding in Connell relating to mandatory sentences under the Graves Act to mandatory sentences under the Comprehensive Drug Reform Act of 1986 would prevent the period of parole ineligibility mandated *105 by N.J.S.A. 2C:35-7 from being negated by merger. However, this does not mean that the antimerger provision of N.J.S.A. 2C:35-7 was superfluous. The Legislature could not have been sure when it enacted the Comprehensive Drug Reform Act that the Supreme Court would approve the analysis and holding of Connell. Indeed, the official commentary to the Act, issued by the Assembly Judiciary Committee a year and a half after our opinion in Connell, specifically states that the purpose of the antimerger provision was "to ensure the imposition of the mandatory term of imprisonment ... even where the defendant is also convicted of an underlying second-degree distribution offense which otherwise would not mandate a term of imprisonment or parole ineligibility." "Official Commentary to the Comprehensive Drug Reform Act (Laws 1987, Chapter 106)," 9 Crim.Just.Q. 157 (1987). Such a "contemporaneous expression of legislative understanding is entitled to considerable weight in ascertaining the intent of the Legislature." State v. Hammond, 118 N.J. 306, 312, 571 A.2d 942 (1990). Furthermore, while Connell addresses the same concern as the antimerger provision, it does not lead to the same results. Connell would permit the merger of a conviction under N.J.S.A. 2C:35-7 into a conviction under N.J.S.A. 2C:35-5a, so long as the sentence imposed for the N.J.S.A. 2C:35-5a conviction included the period of parole ineligibility mandated by N.J.S.A. 2C:35-7, while the antimerger provision in N.J.S.A. 2C:35-7 absolutely prohibits merger of a conviction under that section. Consequently, my interpretation of the antimerger provision of N.J.S.A. 2C:35-7 does not render it superfluous and, I submit, more likely accords with the probable legislative intent. See County of Monmouth v. Wissell, 68 N.J. 35, 43, 342 A.2d 199 (1975) ("Where a choice must be made between two imperfect interpretations, the view should be selected which more likely accords with the probable legislative intent.").
*106 The only discussion of the intent of the antimerger provision of N.J.S.A. 2C:35-7 other than the majority opinion in this case is contained in footnote 5 of State v. Anaya, supra, as follows:
We reject defendant's statutory argument that the non-merger provision of N.J.S.A. 2C:35-7 merely prohibits the merger of that offense into an offense embodied in chapters 35 and 36 so as to avoid the mandatory period of parole ineligibility. Reading the provision to authorize merger of 2C:35-5 and 35-6 offenses into 2C:35-7 would require merger of certain more serious offenses into the third degree crime embodied in the latter section. We find no legislative intent supporting the proposition that N.J.S.A. 2C:35-7 permits the merger of offenses, provided that the mandatory minimum is maintained. Rather, we read the legislative intent, with reference to N.J.S.A. 2C:1-8, as requiring the entry of separate convictions. The use of the words "merge with" (emphasis added) in 2C:35-7 supports this conclusion. [238 N.J. Super. at 39, 568 A.2d 1208].
I disagree with the Anaya court's assumption that to interpret the antimerger provision of N.J.S.A. 2C:35-7 not to prohibit the merger of a conviction under N.J.S.A. 2C:35-5a into a conviction under N.J.S.A. 2C:35-7 "would require merger of certain more serious offenses into the third degree crime involved in [N.J.S.A. 2C:35-7]." To the contrary, the more restrictive interpretation which I would give the antimerger provision of N.J.S.A. 2C:35-7 would simply mean that any question as to the merger of a conviction under N.J.S.A. 2C:35-5a would be decided in accordance with the general merger principles set forth in N.J.S.A. 2C:8-1a.

II
Applying these principles to this case, I conclude that defendant's convictions should merge. Under N.J.S.A. 2C:1-8a(1) merger is required where "[o]ne offense is included in the other," and an offense is so included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." N.J.S.A. 2C:1-8(d)(1). In comparing the elements of the offenses of which defendant was convicted, it is clear that N.J.S.A. 2C:35-5a(1) *107 and N.J.S.A. 2C:35-5b(3) do not require proof of any additional fact not required by N.J.S.A. 2C:35-7. Proof that defendant distributed cocaine is sufficient to support a conviction under N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3). Proof of this fact and that the distribution occurred within 1,000 feet of school property will support a conviction under N.J.S.A. 2C:35-7. In addition, N.J.S.A. 2C:1-8d(3) provides that an offense shall be considered a lesser-included offense when "[i]t differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission." The only difference between the offenses of distribution of cocaine, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3), and distribution of cocaine within 1,000 feet of school property, in violation of N.J.S.A. 2C:35-7, is that the latter offense is directed at preventing the distribution of drugs to school children, which represents an even graver public concern than preventing the distribution of drugs to adults. See State v. Baez, 238 N.J. Super. 93, 97-98, 569 A.2d 268 (App.Div. 1990). Consequently, I am satisfied that N.J.S.A. 2C:1-8d(1) and (3) require the merger of defendant's conviction under N.J.S.A. 2C:35-5 with his conviction under N.J.S.A. 2C:35-7. See State v. Blow, supra, 237 N.J. Super. at 191, 567 A.2d 253 ("As distribution of drugs (N.J.S.A. 2C:35-5) is included as an element of distribution of drugs within 1,000 feet of a school (N.J.S.A. 2C:35-7), containing no additional elements to be proved, it would, without the language of section 7 under review, be considered a lesser-included offense of N.J.S.A. 2C:35-7"); see also N.J.S.A. 2C:1-8a(4) (requiring merger when "[t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.").
I am also satisfied that the offenses would merge under the flexible merger test set forth in cases such as State v. Davis, *108 supra, 68 N.J. at 78, 342 A.2d 841 and State v. Truglia, 97 N.J. 513, 520-521, 480 A.2d 912 (1984), because the prohibition against the distribution of cocaine set forth in N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3) does not reflect any additional legislative concern beyond the one reflected in the prohibition against distribution of drugs within 1,000 feet of school property set forth in N.J.S.A. 2C:35-7. See State v. Miller, supra, 108 N.J. at 118, 527 A.2d 1362.
Accordingly, I would remand the matter for entry of an amended judgment vacating defendant's conviction under N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3) on the ground that it merges with his conviction under N.J.S.A. 2C:35-7. I concur in all other respects with the majority's opinion and judgment.
NOTES
[1] N.J.S.A. 2C:35-9, which imposes strict liability upon drug traffickers for any death resulting from drugs they have manufactured, distributed or dispensed, also prohibits merger of a conviction thereunder with a conviction for being the leader of a narcotics trafficking network.