590 A.2d 700

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
MAURICE KING, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
JENNIFER HARRIS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 30, 1991—Decided May 17, 1991.

Before Judges ANTELL, SCALERA and KEEFE.

*Wilfredo Caraballo,* Public Defender, attorney for appellant Maurice King (*D. Pamela Gaines,* designated counsel, of counsel and on the brief).

*Robert J. Del Tufo,* Attorney General of New Jersey, attorney for respondent (*Tanya Y. Justice,* Deputy Attorney General, of counsel and on the letter brief).

*Wilfredo Caraballo,* Public Defender, attorney for appellant Jennifer Harris (*Thomas C. Miller of Welaj & Miller,* designated counsel, of counsel and on the brief).

*Jennifer Harris,* appellant, filed a supplemental letter in lieu of formal brief.

*Robert J. Del Tufo,* Attorney General of New Jersey, attorney for respondent (*Jessica S. Oppenheim,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

ANTELL, P.J.A.D.

In these jointly tried criminal cases, which we now consolidate for purposes of review, defendants appeal from their convictions for possessing cocaine, *N.J.S.A.* 2C:35–10a(1) and *N.J.S.A.* 2C:2–6, possessing cocaine with intent to distribute, *N.J.S.A.* 2C:35–5a(1), *N.J.S.A.* 2C:35–5b(3) and *N.J.S.A.* 2C:2–6, and possessing cocaine with intent to distribute within 1000 feet of a school, *N.J.S.A.* 2C:35–5a, *N.J.S.A.* 2C:35–7 and *N.J.S.A.* 2C:2–6. Under the indictment, and according to the evidence, defendants had participated together in a transaction involving the distribution of cocaine "within 1000 feet of school property, namely Public School # 28" in the City of Paterson.

The trial court sentenced defendant King on his conviction for possession with intent to distribute within 1000 feet of school property to an eight-year custodial term with a four-year period of parole ineligibility. The court also imposed a concurrent four-year term for possession of cocaine with intent to distribute, which it merged with the simple possession of cocaine. King was also ordered to pay $2000 in Drug Enforcement and Demand Reduction penalties, $60 to the Violent Crimes Compensation Board and $100 in laboratory fees.

Defendant Harris was sentenced for possession with intent to distribute within 1000 feet of school property to a five-year custodial term with a three-year period of parole ineligibility. On the merged convictions for possession of cocaine and possession with intent to distribute, the court sentenced Harris to a concurrent four-year custodial term. This defendant was also ordered to pay a $2000 Drug Enforcement and Demand Reduction penalty, a $100 laboratory fee and a $60 penalty to the Violent Crimes Compensation Board. In addition, Harris's driver's license was revoked for a period of one year.

At the outset of trial defendants and the State stipulated into evidence as Exhibit S–1 a certified copy of a resolution dated September 27, 1988, of the City Council of the City of Paterson, adopting maps of areas within 1000 feet of a school. Also

received by stipulation was one such map prepared by the Paterson Engineering Department showing that the location where defendants' alleged offense occurred was within a 1000-foot radius of a building designated as Paterson's Public School # 28.

After the State rested its case both defendants moved for judgments of acquittal on the charge of possession with intent to distribute within 1000 feet of a school. The ground of the motion was that *N.J.S.A.* 2C:35–7, under which the charge was returned, requires proof not only, as the indictment charged, that the sale took place within 1000 feet of school property, but also that the school property was "used for school purposes." No such evidence had been adduced. Defendants argued that this requirement is an essential element of the crime, that it is not uncommon for school buildings to be "retired" from school purposes, and that if the building had been in use for school purposes it would have been a simple matter for the State to prove that fact through the testimony of one of the arresting detectives who was familiar with the neighborhood.

Both defendants contend that by stipulating to the admission of the map and accompanying council resolution they conceded nothing more than the physical proximity of the alleged crime location to the school building. They argue that their stipulation did not relieve the State of its burden to prove that the building was being used for school purposes. Noting that use of the map and resolution is specifically authorized by *N.J.S.A.* 2C:35–7 "to avoid a lot of unnecessary detailing about something which is almost something that a Court can take notice of," the trial court denied the motion. Before doing so it acknowledged that application of the statute was limited to elementary and secondary schools, *State v. Baez*, 238 *N.J.Super.* 93, 98, 569 *A.2d* 268 (App.Div.), *certif. denied*, 121 *N.J.* 644, 583 *A.2d* 335 (1990), and even recognized the possibility that "Public School # 28" might be "some sort of college technically," and therefore not covered by the statute.

The unique feature of *N.J.S.A.* 2C:35–7 is that it mandates minimum prison terms. These are to be imposed upon any person who possesses with intent to distribute a controlled dangerous substance "while on any school property *used for school purposes* ... or within 1000 feet of *such* school property." (emphasis supplied). Since the purpose of the statute is to protect children of elementary and secondary school age from exposure to drug trafficking, there would be no point in extending the reach of the statute to "school property" used for other than school purposes.

*N.J.S.A.* 2C:35–7 specifically authorizes in prosecutions thereunder the admission of a map of the kind herein stipulated into evidence

> for the purpose of depicting the location and boundaries of the area on or within 1000 feet of any property *used for school purposes* which ... shall constitute prima facie evidence of the location and boundaries of those areas, provided that the governing body of the municipality or county has adopted a resolution or ordinance approving the map as official finding and record of the location and boundaries of the area or areas on or within 1,000 feet of the school property. [Emphasis ours]

It appears to us that the trial court denied defendants' motion for acquittal on the mistaken assumption that "we have that kind of a Resolution." Our reading of the resolution differs from that of the trial court. The document received into evidence merely delineates areas "within one thousand feet (1,000′) of school property," and resolves only to adopt and approve the maps as showing the "Areas within 1000 feet of schools." It is silent as to whether the school buildings are actually used for school purposes, notwithstanding that the statute permits the maps to be received as evidence of that precise fact.

The question whether the school property was used for school purposes appears to have vanished completely by the time the case was submitted to the jury. Although defendants do not raise this as an issue, we find only one instance during the jury charge when the court made any reference to use for school purposes. That occurred in prefatory language when

the court introduced the subject of *N.J.S.A.* 2C:35–7 by saying that the law criminalized possession with intent to distribute "while *on* any school property used for school purposes" (emphasis supplied). Thereafter, referring to the case at hand, the judge repeatedly spoke of possession "within 1000 feet of any school property," making no reference whatever to the requirement of actual use for school purposes. The only understanding to be drawn from the charge is that use for school purposes must be shown when the possession with intent to distribute occurs *on* school property, but not if it occurs off the property, but within 1000 feet thereof. We find five instances in the instructions when the court referred to the charge merely as "possession with intent to distribute within 1000 feet of school property," without reference to the use for school purposes qualification.

In addition to the fact that the jury was never told that the school property must be used for school purposes, the jurors were provided with a verdict sheet, as to each defendant, which required them to decide only whether defendants "possessed cocaine with intent to distribute same while within 1000 feet of Public School # 28." Again, no reference was made to the necessity to find that the school building was used for school purposes.

Giving the State the benefit of its favorable testimony as well as the favorable inferences which reasonably could be drawn therefrom, the jury could not have found defendants guilty of the charge of possessing cocaine with intent to distribute within 1000 feet of school property used for school purposes. *State v. Reyes*, 50 *N.J.* 454, 459, 236 *A.*2d 385 (1967). The evidence could not support such a finding and the court's instructions did not apprise the jury of its duty to make such a determination. Indeed, although the State concedes use for school purposes to be a necessary element of proof, the allegation is missing even from the indictment.

It is settled that the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 *U.S.* 358, 364, 90 *S.Ct.* 1068, 1073, 25 *L.Ed.*2d 368, 375 (1970). *See also State v. Vick*, 117 *N.J.* 288, 293, 566 *A.*2d 531 (1989), ("[W]e see no way to conclude that a trial can be constitutionally fair when the State is not required to prove, over the defendant's objection, the essential elements of the offense charged. The requirement is so basic and so fundamental that it admits of no exception no matter how inconsequential the circumstances."); *State v. Crisantos (Arriagas)*, 102 *N.J.* 265, 273, 508 *A.*2d 167 (1986) (Erroneous instructions are " 'poor candidates for rehabilitation under the harmless error philosophy.' " (quoting *State v. Simon*, 79 *N.J.* 191, 206, 398 *A.*2d 861 (1979)); *State v. Federico*, 103 *N.J.* 169, 176, 510 *A.*2d 1147 (1986) ("[F]ailure to charge the jury on an element of an offense is presumed to be prejudicial error, even in the absence of a request by defense counsel."). Because of the lack of proof and the faulty jury instructions the convictions for this offense must be reversed.

If the State seeks to invoke the enhanced mandatory penalties provided by *N.J.S.A.* 2C:35–7, it must be prepared to meet all the criteria specified for prosecution under that statute. Defendants gave fair notice to the State as to where the deficiency in its case lay, and the interests of both the State and the defendants could have been fairly protected had the State requested, and the court granted, leave to reopen its case in order to supply the necessary evidence. This course was not followed and the convictions for possession of cocaine with intent to distribute within 1000 feet of school property used for school purposes must therefore be reversed. "These reversals, based upon evidential insufficiency, serve to bar a retrial on grounds of double jeopardy." *State v. Boratto*, 80 *N.J.* 506, 517, 404 *A.*2d 604 (1979), citing *Burks v. United States*, 437 *U.S.* 1, 98 *S.Ct.* 2141, 57 *L.Ed.*2d 1 (1978); *Greene v. Massey*,

437 *U.S.* 19, 98 *S.Ct.* 2151, 57 *L.Ed.*2d 15 (1978); *State v. Lynch*, 79 *N.J.* 327, 399 *A.*2d 629 (1979).

■ Defendants also complain that during the jury selection one of the prospective jurors (thereafter excused) stated that he regularly walked to work through the area where the alleged crime occurred and that he had in the past seen defendant King standing in that vicinity. Defendants urge that because of this statement the entire panel should have been excused and the jury selected from a new panel. We disagree.

It is first noted that both defendants concede they were in the neighborhood at the time of their arrest. They merely denied that the events transpired as alleged by the State.

At the time of requesting a new panel, King's attorney said he was "sure there will be evidence that there is high drug activity on the corner, and it is known for drug selling." As it developed, such evidence was received during the trial. It is argued from this that the jury probably weighed King's previous presence in the area as an indication of his participation in the drug traffic and that he was therefore guilty of the crime for which he was on trial. The flaw in this argument is that it was King, fulfilling his own prediction, not the State, who brought out on cross-examination of Detective LaNeve that this was a "hot corner," and deliberately elucidated through this witness that the term was used to signify a location at which the detective had made previous narcotics arrests. Counsel, by his own statement to the court, had demonstrated his awareness of what LaNeve would testify to, and we will not relieve defendant from the consequences invited by his own interrogation of the witness.

Both defendants also argue that *N.J.S.A.* 2C:35–7 violates constitutional provisions against double jeopardy and that its classification of offenders for purposes of sentencing is arbitrary and irrational. Because of our disposition of their convictions under that section of the enactment it is unnecessary for us to deal with those issues.

Reversed as to both defendants on the conviction for possessing cocaine with intent to distribute within 1000 feet of school property used for school purposes. In other respects the judgments of conviction are affirmed.