601 A.2d 1160

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ANTONIO BRANA, DEFENDANT–APPELLANT.

Argued September 11, 1991—Decided January 27, 1992.

*John C. Connell,* Designated Counsel, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney).

*Jack L. Weinberg,* Assistant Prosecutor, argued the cause for respondent (*Edward F. Borden, Jr.,* Camden County Prosecutor, attorney).

The opinion of the Court was delivered by

STEIN, J.

In this case, as in *State v. Dillihay,* 127 *N.J.* 42, 601 *A.*2d 1149 (1992), also decided today, we consider whether a defendant's conviction for violating *N.J.S.A.* 2C:35-7, which prohibits distribution of controlled dangerous substances within a school zone, merges with a conviction for a first- or second-degree violation of *N.J.S.A.* 2C:35-5 (Section 5), the provision of New Jersey's Controlled Dangerous Substances Act (the Act) that generally prohibits the manufacturing, distribution, or dispens-

ing of controlled dangerous substances. For the reasons set forth in *Dillihay, supra,* 127 *N.J.* at 46–56, 601 A.2d at 1151–1156, we hold that the convictions must merge and that defendant's sentence shall include the mandatory minimum sentence required to be imposed because of defendant's first-degree Section 5 conviction.

## I

Antonio Brana was arrested following the sale of over 500 grams of cocaine to undercover agents. Pursuant to a prior arrangement, undercover members of the Narcotics Task Force of the Camden County Prosecutor's office met Brana's co-defendant, Edwardo Bravo, to purchase a large amount of cocaine. Bravo joined the undercover agents in their car and directed them to a location in Camden where the transaction was to take place. Bravo directed the agents to park and walked to a nearby Toyota in which Brana was the passenger. Agents observed Brana hand Bravo a package of cocaine, which Bravo in turn sold to the agents on returning to their car. That transaction occurred within 1,000 feet of a school zone. After additional agents were summoned, the Toyota sped away and Camden police chased first the Toyota and then its occupants after they abandoned the car. During the car chase, the police observed Brana discard a gun from the Toyota. Brana was apprehended and arrested. He was charged with and convicted of the following offenses:

1. Distribution of more than five ounces of cocaine (*N.J.S.A.* 2C:35–5a(1) and –5b(1)) (first degree);

2. Distribution of cocaine within a school zone (*N.J.S.A.* 2C:35–7) (third degree);

3. Conspiracy to distribute Controlled Dangerous Substances (*N.J.S.A.* 2C:5–2);

4. Unlawful possession of a handgun (*N.J.S.A.* 2C:39–5b) (third degree).

The Law Division merged the conspiracy violation (count three) into the distribution violation (count one) and sentenced Brana to fifteen years, with a five-year period of parole ineligibility, for distributing cocaine. The court also imposed a concurrent

four-year sentence, with three years of parole ineligibility, for violating *N.J.S.A.* 2C:35–7 (Section 7 of the Act or the school-zone statute), and a concurrent four-year sentence for unlawful possession of a handgun.

Brana filed a notice of appeal with the Appellate Division. Before the Appellate Division heard arguments on the appeal, Brana filed a motion for direct certification with this Court. We granted the motion to consider whether defendant's third-degree conviction for the school-zone violation should merge with his first-degree conviction for distributing cocaine.

## II

In *Dillihay,* we held that federal double-jeopardy principles "lead inevitably to the conclusion that to allow multiple punishments for related convictions under Section 5 and Section 7 of the Act is constitutionally impermissible." 127 *N.J.* at 51, 601 *A.*2d at 1153. Nevertheless, recognizing our duty to construe a statute as constitutional "if it is reasonably susceptible to such interpretation," *State v. Profaci,* 56 *N.J.* 346, 350, 266 *A.*2d 579 (1970), we concluded that "the primary objective of Section 7's non-merger provision was to insure that those who distribute drugs within a school zone receive the mandatory minimum sentence prescribed by Section 7." *Dillihay, supra,* 127 *N.J.* at 54, 601 *A.*2d at 1155. Accordingly, we held that "the school-zone statute must be construed to allow merger of school-zone offenses into first- and second-degree Section 5 offenses provided that a defendant convicted of a drug offense in a school zone is sentenced to no less than the mandatory minimum sentence provided in the school zone statute." *Id.* at 55, 601 *A.*2d at 1155.

As a result, we conclude that defendant's Section 7 conviction for distribution of controlled dangerous substances within a school zone must merge into his Section 5 conviction for distribution of more than five ounces of cocaine. Defendant is subject to the mandatory minimum sentence required in connec-

tion with his first-degree Section 5 conviction, which is greater than that mandated for the school-zone conviction.

## III

Defendant raises two further issues. First, he contends that he received ineffective assistance of counsel at trial. The record is clear that defendant has failed to satisfy the two-prong *Strickland* test. *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674 (1984). Second, defendant contends that *N.J.S.A.* 2C:35–15, which imposes mandatory Drug Enforcement Demand Reduction (DEDR) penalties, is unconstitutional. Defendant recognizes that prior challenges to the DEDR penalty provisions have been rejected, but urges that we find those cases to have been decided wrongly. We decline to do so. See *State in the Interest of L.M.,* 229 *N.J.Super.* 88, 100–101, 550 *A.*2d 1252 (App.Div.1988), *certif. denied,* 114 *N.J.* 485, 555 *A.*2d 609 (1989); *State v. Gonzalez,* 241 *N.J.Super.* 92, 95–96, 99, 574 *A.*2d 487 (App.Div.1990), *rev'd on other grounds,* 123 *N.J.* 462, 588 *A.*2d 816 (1991); *State v. Anaya,* 238 *N.J.Super.* 31, 39–40, 568 *A.*2d 1208 (App.Div.1990).

We reverse so much of the judgment below as denied merger, and remand the case to the trial court for an amended judgment vacating defendant's conviction for distribution of cocaine within a school zone under *N.J.S.A.* 2C:35–7. The judgment is, in all other respects, affirmed.

GARIBALDI, J., dissenting.

I would affirm the judgment for the reasons expressed in my opinion in *State v. Dillihay,* 127 *N.J.* 42, 601 *A.*2d 1149 (1992), also decided today.

Justice O'HERN joins in this opinion.

*For affirmance*—Justices O'HERN and GARIBALDI—2.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK and STEIN— 5.