In light of our determination, we do not address defendant's remaining contentions.

624 A.2d 1387

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JOHN F. MILLER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 28, 1993—Decided May 24, 1993.

Before Judges KING, LANDAU and HUMPHREYS.

*John F. Miller,* appellant *pro se.*

*Jeffrey S. Blitz,* Atlantic County Prosecutor, attorney for respondent (*Jack J. Lipari,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM.

In this *pro se* appeal by John F. Miller from denial of his petition for post conviction relief, he argues that the issue of merger of offenses previously raised and resolved by the Supreme Court in his direct appeal, *State v. Miller,* 108 *N.J.* 112, 527 *A.*2d 1362 (1987) was subsequently reinterpreted in *State v. Dillihay,* 127 *N.J.* 42, 601 *A.*2d 1149 (1992). He urges that his sentence must therefore be modified to merge his conviction under *N.J.S.A.* 2C:24-4(a) for Endangering the Welfare of a Child with his conviction for Aggravated Sexual Assault, *N.J.S.A.* 2C:14-2(a).

The motion judge concluded that the Supreme Court had already resolved the identical merger issue raised by the post-conviction motion, making it the law of this case, and that *Dillihay* had not signaled a change in the *Miller* holding. We agree, and affirm.

We note that the additional element of breach of the unique parental duty here involved and considered by the Supreme Court in *Miller,* was obviously not deemed by the *Dillihay* majority to be analogous to the offense elements involved in the school zone drug cases. The dissents in *Dillihay, supra,* 127 *N.J.* at 60, 601 *A.*2d 1149, and 241 *N.J.Super.* 553, 556–557, 575 *A.*2d 876 (App. Div.1990), (which reference *State v. Gonzalez,* 241 *N.J.Super.* 92, 574 *A.*2d 487 (App.Div.1990), *certif. den.* 122 *N.J.* 400, 585 *A.*2d 399 (1990), *rev'd in part,* 123 *N.J.* 462, 588 *A.*2d 816 (1991), and the dissent in *State v. Soto,* 241 *N.J.Super.* 476, 481–482, 575 *A.*2d 501 (App.Div.1990), *aff'd,* 126 *N.J.* 310, 598 *A.*2d 873 (1991)), make clear that arguments suggesting such analogy were considered and implicitly rejected by the *Dillihay* majority opinion. Indeed, *Dillihay* cites *Miller,* and *State v. Cole,* 120 *N.J.* 321, 327, 576 *A.*2d 864 (1990), with approval, and with no hint of retreat therefrom. *Dillihay, supra,* 127 *N.J.* at 46, 47, 601 *A.*2d 1149.

Affirmed.