709 A.2d 805

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
SHARON L. BELNAVIS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 23, 1998—Decided April 20, 1998.

Before Judges PETRELLA, SKILLMAN and STEINBERG.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Ruth Bove Carlucci*, Assistant Deputy Public Defender, of counsel and on the brief).

*Robert W. Gluck,* Middlesex County Prosecutor, attorney for respondent (*Ronald Appleby,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Defendant Sharon L. Belnavis entered into a conditional plea agreement under which she pled guilty to third degree distribution or possession of a controlled dangerous substance (CDS) with intent to distribute within 1,000 feet of school property (*N.J.S.A.* 2C:35–7), conditioned on being able to challenge the location as being within that distance of a school. The plea agreement was accepted and the trial judge sentenced Belnavis to three years in prison, one year without parole eligibility.

The judge denied Belnavis's application to allow her to retract her plea and renegotiate the plea agreement because the property was not owned or leased by any school. The judge was of the view that although the park adjacent to the parking lot where the drug transaction occurred was not owned or leased by the school, *N.J.S.A.* 2C:35–7 nonetheless applied because the property was used by the school.

The incident giving rise to the plea occurred on January 31, 1996, in the parking lot of the GM/Delco plant in New Brunswick which adjoins an athletic field and facilities owned by the City of New Brunswick and used by the New Brunswick Board of Education for school activities. There is nothing in the record that indicates the Board of Education has exclusive use of these facilities.

The record in this case contains a letter from the New Brunswick Board of Education indicating that it "had a long-standing relationship" with the City of New Brunswick that permitted the school's "students and staff ... to use the stadium facilities and property for athletic and other various school events during the school year." Both the Board of Education and the City of New

Brunswick maintained appropriate property and liability insurance.

On appeal, Belnavis argues that the city's property adjacent to the parking lot was not "school property used for school purposes" within the meaning of *N.J.S.A.* 2C:35–7, because neither the school board nor any elementary nor secondary school owned or leased the property. We agree and reverse.

*N.J.S.A.* 2C:35–7 provides:

Any person who violates subsection a. of N.J.S. 2C:35–5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any *school property used for school purposes which is owned by or leased to any elementary or secondary school or school board,* or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35–12, be sentenced by the court to a term of imprisonment.... [Emphasis added].

There is no doubt that the school zone statute, *N.J.S.A.* 2C:35–7, has been given broad interpretation in order to effectuate the Legislature's intent. *See State v. Baez,* 238 *N.J.Super.* 93, 97–98, 569 *A.*2d 268 (App.Div.), *certif. denied,* 121 *N.J.* 644, 583 *A.*2d 335 (1990). Nonetheless, the act only applies if the property is "owned by or leased to any elementary or secondary school or school board." In addition, in order for a person charged with an offense under this section to be convicted the State must prove that the conduct occurred within 1,000 feet of property used for school purposes "regularly, consistently and actually." *State v. Thomas,* 132 *N.J.* 247, 258–259, 624 *A.*2d 975 (1993); *State v. Ivory,* 124 *N.J.* 582, 592, 592 *A.*2d 205 (1991).

Here, the school does not own the property and does not lease it from the city. The most that can be said is that a permissive use or license to use the property, which is apparently nonexclusive, exists. Unlike the situation in *State v. Ivory, supra,* 124 *N.J.* 582, 592 *A.*2d 205, there is no lease of the property by the school board. In *Ivory,* the park was owned by the school board and contained athletic fields regularly used for public and non-public school athletics, but was leased to the municipality for recreation uses,

including non-school purposes. The municipality allowed a local high school to use the athletic field under a participation agreement consistent with its lease from the school board. The Court in *Ivory* considered the park in question as school property because it was owned by the school board, and in effect sub-leased for use to a secondary school. The presence of a nonacademic intermediate leaseholder (the municipality) was considered irrelevant. *Id.* at 588, 592 *A.*2d 205. It was thus clear that the statute's two-prong inquiry was met because the property was school property, and it was used for school purposes.

Here, the judge erred in concluding that the requirement that the crime take place within 1,000 feet of school property has nothing to do with the nature of the school or the school board's ownership interest in the property, but rather whether the property was used for school purposes. Merely because a school uses property which is non-owned or non-leased does not make the statute applicable. Indeed, a local park which is used from time to time by a school, but is also used by other organizations, and presumably by the general public, does not become subject to the statute merely because a school on occasion has its students use the property in connection with school activities or sports.

In contrast with the *Ivory* decision, this property does not qualify as school property because it was neither owned nor leased by the school board of any school. Either of those situations is a prerequisite under *N.J.S.A.* 2C:35-7. Since criminal statutes must be strictly construed, *State v. Valentin*, 105 *N.J.* 14, 17, 519 *A.*2d 322 (1987); *State in Interest of W.M.*, 237 *N.J.Super.* 111, 115, 567 *A.*2d 217 (App.Div.1989); *State v. Clay*, 230 *N.J.Super.* 509, 523, 553 *A.*2d 1356 (App.Div.1989), *aff'd*, 118 *N.J.* 251, 571 *A.*2d 295 (1990), the proscription and penalties in *N.J.S.A.* 2C:35-7 do not extend to or encompass a situation where there is no lease-type agreement, and only a permissive use of a municipal park and its facilities by a school.

*State v. Baez, supra,* 238 *N.J.Super.* at 97, 569 *A.*2d 268, does not support the motion judge's decision. Aside from the fact that *Baez* was decided prior to the 1988 amendment to *N.J.S.A.* 2C:35–7 which added leased property, we there noted that the Legislature was concerned with applying the statute to conduct occurring within 1,000 feet of property being used for elementary or secondary school purposes.

The conviction of Belnavis of a violation of *N.J.S.A.* 2C:35–7 is reversed and count four of the indictment alleging a violation of that statute is dismissed as legally insufficient. The plea agreement is vacated and the matter is remanded for renegotiation of the plea in accordance with the conditional plea agreement.

Reversed and remanded for further proceedings consistent with this opinion.