197 N.J. Super. 277 (1984)
484 A.2d 1259
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILIP LORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 23, 1984.
Decided November 1, 1984.
*280 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Samuel R. DeLuca, attorney for appellant.
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Steven Kaflowitz, Deputy Attorney General, of counsel and on the letter brief).
PER CURIAM.
Defendant, a Jersey City police officer, was tried to a jury on three counts of aggravated assault, contrary to N.J.S.A. 2C:12-1 and one count of official misconduct, contrary to N.J.S.A. 2C:30-2. He was acquitted on each of the aggravated assault charges. He was, however, found guilty of a lesser included offense of simple assault upon Jack Molowitz under Count Three of the indictment. On the official misconduct conviction, defendant was sentenced to a two year term of probation and fined $500. His office as a police officer in Jersey City was ordered forfeited pursuant to N.J.S.A. 2C:51-2a(1). The trial judge denied his motion for a new trial but stayed the forfeiture of office pending this appeal. Defendant now appeals contending:
1. THE OFFENSE OF MISCONDUCT IN OFFICE IS AN IMPROPER CHARGE AND HIS CONVICTION MUST THEREFORE BE REVERSED.

*281 2. THE INSTRUCTIONS TO THE JURY WERE DEFECTIVE AND THE CONVICTION MUST THEREFORE BE REVERSED (PLAIN ERROR).
3. THE JUDGMENT OF CONVICTION IS INCONSISTENT AND MUST THEREFORE BE REVERSED.
The trial evidence was in sharp conflict. The record reveals that on July 28, 1981, shortly after leaving a tavern in Jersey City, Gerard Caicedo, Kathleen Pongrac and Jack Molowitz came upon Jack Dressler and his wife on a public street in Jersey City. The Dresslers lived next door to the home of Caicedo's mother. There was apparently some longstanding antagonistic feelings between Dressler and Caicedo's mother. After a heated exchange of words, Molowitz knocked Dressler to the ground. As Caicedo grabbed Molowitz to pull him off of Dressler, Police Officer Lore and his partner came upon the scene in a squad car.
With the arrival of police officers on the scene, Molowitz apparently became frightened and ran away. Defendant fired a shot at Molowitz, barely missing an innocent bystander. Molowitz testified that the bullet went through his hair and he immediately fell to the ground. He further testified that defendant came to him while he was on the ground and stepped on his hands, struck him in the back with his night stick and dragged him by his hair back to the scene of the fight. Caicedo and Pongrac were also allegedly injured by defendant. Caicedo, Pongrac and Molowitz were taken to the Jersey City Medical Center where they received medical treatment.
Defendant's first contention is essentially that his conviction for simple assault does not constitute official misconduct in office. The statute under which defendant was convicted, in pertinent part reads:
A public servant is guilty of official misconduct when, with purpose to obtain a benefit for himself or another or to injure or deprive another of a benefit:
(a) He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he is committing such act in an unauthorized manner; or.... [N.J.S.A. 2C:30-2]
Under the facts of this case, N.J.S.A. 2C:30-2 can be parsed to read, "A public servant is guilty of official misconduct when, *282 with purpose to ... injure ... another ... he commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he is committing such act in an unauthorized manner...." The essence of the charge against defendant is that he committed an unauthorized act when he assaulted Molowitz while performing his duties as a police officer, or that the use of excessive force while arresting Molowitz was an official function that was conducted in an unauthorized manner.
It is undisputed that defendant came upon the scene of a fight or scuffle and attempted to arrest Molowitz. The duties of a public servant, such as a police officer, are those which are cast by law upon that public servant or those which are inherent in and naturally arise from the nature of the office. See State v. Cohen, 32 N.J. 1, 6 (1960); State v. Weleck, 10 N.J. 355, 365 (1952). It is also clear that a police officer has the responsibility of investigating and arresting suspected violators of the law. He is permitted, however, to use only such force as may be reasonably necessary to effectuate the arrest. See State v. Mulvihill, 57 N.J. 151, 156 (1970); State v. Montague, 55 N.J. 387, 404 (1970); State v. Williams, 29 N.J. 27, 36-39 (1959). We, therefore, have no doubt that defendant was engaged in an official function of his office as a police officer when he arrested Molowitz. The jury found that in the course of effectuating that arrest, defendant used excessive force injuring Molowitz which constituted a simple assault upon Molowitz. The assault therefore became "an act relating to his office" which was committed "with purpose ... to injure" Molowitz and that assault constituted "an unauthorized exercise of his official functions." The use of excessive force while arresting Molowitz also means that defendant performed an official function in "an unauthorized manner."
Defendant next contends that the court improperly instructed the jury on official misconduct. We find this contention is unpersuasive. When the instruction to the jury is read *283 as a whole, it becomes apparent that the court informed the jury as to all of the elements of the crime of official misconduct in office. See State v. Wilbely, 63 N.J. 420, 422 (1973). The court properly informed the jury that if defendant used excessive force upon Molowitz while arresting him that would constitute the unauthorized act which injured Molowitz in violation of N.J.S.A. 2C:30-2. It was unnecessary to inform the jury of all the functions and duties of a police officer. There was never any question as to whether arresting a suspected violator of the law was one of his functions.
Defendant's final argument is essentially that a conviction for simple assault, a disorderly persons offense, cannot invoke any penalties or sanctions contained in N.J.S.A. 2C:51-1 and N.J.S.A. 2C:51-2. Defendant relies upon N.J.S.A. 2C:1-4b to support his argument. That subsection provides that a conviction for disorderly persons offenses and petty disorderly persons offenses "shall not give rise to any disability or legal disadvantage based on conviction of a crime." The first sentence in N.J.S.A. 2C:51-1 and 2 makes clear that the disabilities therein enumerated can be invoked based upon a conviction for "an offense." Clearly, a conviction for a crime is not required. Moreover, the forfeiture of defendant's official position pursuant to N.J.S.A. 2C:51-2a(1) was directed based upon his conviction for the second degree crime of official misconduct, rather than the simple assault offense. See State v. Phelps, 187 N.J. Super. 364, 373 (App.Div. 1983), aff'd 96 N.J. 500 (1984). Hence, the provisions of N.J.S.A. 2C:1-4b do not preclude the forfeiture. The conviction for simple assault was only one of the ingredients or elements necessary to establish official misconduct.
Although defendant has not argued that the official misconduct and assault should merge, he has argued the two are inconsistent without saying why. While we find the verdicts are not inconsistent, we are nonetheless satisfied that the assault should merge with the official misconduct. The two *284 offenses occurred at the same time and place. The State relied upon the simple assault to establish the official misconduct in office  that defendant injured Molowitz while arresting him. In these circumstances, the simple assault becomes a necessary ingredient to a conviction for official misconduct in office; it was an integral part of the greater crime of official misconduct in office. Under State v. Mirault, 92 N.J. 492, 501 (1983); State v. Best, 70 N.J. 56 (1976), and State v. Davis, 68 N.J. 69, 81 (1975), the simple assault must merge with the official misconduct in office. Otherwise, defendant will be punished twice for one offense.
As modified, the judgment of conviction is accordingly affirmed.