237 N.J. Super. 184 (1989)
567 A.2d 253
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND BLOW, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1989.
Decided December 6, 1989.
*185 Before Judges KING, SHEBELL and KEEFE.
*186 Mordecai Garelick, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney, Mordecai Garelick, of counsel and on the brief).
Carol M. Henderson, Deputy Attorney General, argued the cause for respondent (Peter N. Perretti, Jr., Attorney General, attorney, Carol M. Henderson, of counsel and on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
The principal issue in this case is whether refusal to merge the defendant's convictions of possession of controlled dangerous substance (CDS) with intent to distribute and possession with intent to distribute within 1,000 feet of a school, as mandated by our Legislature, is constitutionally permissible. Defendant Raymond Blow appeals from the sentences imposed pursuant to a plea agreement with the Passaic County Prosecutor's Office. Defendant was indicted for possession of heroin (N.J.S.A. 2C:35-10) (Count 1); possession of less than one-half ounce of heroin with intent to distribute (N.J.S.A. 2C:35-5a(1) and b(3)) (Count 2), and possession of heroin with intent to distribute within 1000 feet of school property (N.J.S.A. 2C:35-5a and N.J.S.A. 2C:35-7) (Count 3). Under the terms of the agreement, the prosecutor recommended to the judge that Count 1 of the indictment be dismissed; defendant pleaded guilty to Counts 2 and 3 of the indictment.
Defendant was sentenced on Count 3 to imprisonment for a period of five years, three years without parole eligibility. Defendant was given the same sentence on Count 2, concurrently with Count 3. Both sentences were consecutive to the sentence defendant was then serving. Defendant, on each of Counts 2 and 3, was ordered to pay a $1,000 drug enforcement penalty, a $50 laboratory fee, and a $30 Violent Crimes Compensation Board penalty. His driver's license was revoked for *187 a total period of three years, two years on Count 3 and one year on Count 2, consecutively.
Defendant makes the following arguments on appeal: (1) the conviction of possession of CDS with intent to distribute should be merged with the conviction of possession of CDS with intent to distribute within 1,000 feet of a school; (2) New Jersey law requires merger to prevent defendant from being punished twice for the same offense; (3) notwithstanding N.J.S.A. 2C:35-7, Counts 2 and 3 should merge; (4) the sentence imposed is excessive; (5) the custodial sentence imposed is unsupported by the statutory aggravating and mitigating factors; (6) the forensic laboratory fee, imposed pursuant to N.J.S.A. 2C:35-20, should be reduced to $50, and (7) the suspension of defendant's driver's license should be reduced.

I.
Appellant contends that his convictions on Counts 2 and 3 should have been merged and that the sentencing judge's failure to merge those convictions was "incompatible with constitutional considerations and merger would not negate the intention of the legislature."
N.J.S.A. 2C:35-5(a)(1) states, in relevant part, "it shall be unlawful for any person knowingly or purposely ... [t]o ... distribute ... a controlled dangerous substance...." N.J.S.A. 2C:35-7 states, in relevant part:
Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35-12, be sentenced by the court to a term of imprisonment.... [t]he term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole. .. .

Notwithstanding the provisions of N.J.S. 2C:1-8 or any other provisions of law, a conviction arising under this section shall not merge with a conviction *188 for a violation of subsection a. of N.J.S. 2C:35-5 (manufacturing, distributing or dispensing) or N.J.S. 2C:35-6 (employing a juvenile in a drug distribution scheme). [Emphasis supplied].
Under the Criminal Code, "[w]hen the same conduct of a defendant may establish the commission of more than one offense," the defendant may not "be convicted of more than one offense if ... [o]ne offense is included in the other." N.J.S.A. 2C:1-8a(1). An offense is so included under N.J.S.A. 2C:1-8d(1) when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"
However, "there is no question but that the legislature is empowered to split a simple, continuous transaction into stages, elevate each stage to a consummated crime, and punish each stage separately." State v. Davis, 68 N.J. 69, 78 (1975). Defendant, however, stresses "the prohibition against multiple punishment for a single wrongdoing" enunciated in Davis. Id. at 77.
In Davis, our Supreme Court declined to determine whether the proscription against "double jeopardy" applies not only to "repeated piecemeal prosecution," but also to "a single trial context with asserted multiple punishment arising from convictions based on a multi-count indictment with each count therein allegedly setting forth the same offense." 68 N.J. at 76. The court, however, stated that "[i]f an accused has committed only one offense, he cannot be punished as if for two." Id. at 77.
In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the Supreme Court stated, "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." This test was recently reaffirmed by the Supreme Court in Ball v. United States, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740, 746 (1985). However, in Missouri v. Hunter, the Supreme *189 Court stated that the Blockburger test is applicable only when the legislature has not indicated its intent that a defendant should be convicted of both offenses. 459 U.S. 359, 366-67, 103 S.Ct. 673, 678-79, 74 L.Ed.2d 535, 542-43 (1983), citing Whalen v. United States, 445 U.S. 684, 691-93, 100 S.Ct. 1432, 1437-39, 63 L.Ed.2d 715, 723-25 (1980).
N.J.S.A. 2C:35-7 contains a specific prohibition against merger of offenses, thereby negating the need for a Blockburger-type analysis. Our State Constitution affords a defendant no greater double jeopardy protection than is granted by the federal constitution. See State v. DeLuca, 108 N.J. 98, 102, cert. den., 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Barnes, 84 N.J. 362, 370 (1980). Further, in this State we have shown a preference in recent years to avoid the mechanical approach to merger questions, as exemplified by Blockburger, and instead have applied a more flexible approach. See State v. Truglia, 97 N.J. 513, 521 (1984); State v. Mirault, 92 N.J. 492, 501-02 (1983).
Nonetheless, we must examine whether, despite Davis' "fundamental point" that "[i]f an accused has committed only one offense he cannot be punished as if for two," Davis, 68 N.J. at 77, "multiple punishment" under N.J.S.A. 2C:35-5 and 2C:35-7 is permissible even though defendant has not been shown to have distributed drugs both outside and within the school zone. Missouri v. Hunter instructs that the Double Jeopardy Clause of the Fifth Amendment does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. 459 U.S. at 366, 103 S.Ct. at 678, 74 L.Ed.2d at 542.
In this State, when each offense contains a separate and distinct element from the other, our courts have not hesitated to find that the charges do not merge. See State v. Bowens, 108 N.J. 622, 639 (1987); State v. Crouch, 225 N.J. Super. 100, 109 (App.Div. 1988); State v. Jackson, 204 N.J. Super. 13, 23 (App.Div. 1983), aff'd sub nom. State v. Hardison, 99 N.J. 379 *190 (1985). See also United States v. Wright-Barker, 784 F.2d 161, 173 (3d Cir.1986); United States v. Kenny, 462 F.2d 1205, 1215 (3d Cir.), cert. den., 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972); United States v. Kafes, 214 F.2d 887, 891 (3d Cir.), cert. den., 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954). In the present case, however, the charges do not each contain a distinct element. The charge under N.J.S.A. 2C:35-7 includes the elements of an offense under N.J.S.A. 2C:35-5, but with the added element that it be committed within 1,000 feet of a school.
Our case law concerning statutes in which the elements of the offenses overlap, with only one offense containing additional elements, is divided. If all of the elements of one offense are part of the proof necessary to establish a violation of another offense, the first charge is generally known as a lesser-included offense, and merger of the two charges is ordinarily mandated. State v. Jones, 213 N.J. Super. 562, 568 (App.Div. 1986). See also State v. Battle, 209 N.J. Super. 255, 259 (App.Div.), certif. den., 105 N.J. 560, 561 (1986); State v. Johnson, 203 N.J. Super. 127, 134-35 (App.Div.), certif. den., 102 N.J. 312 (1985); State v. Lore, 197 N.J. Super. 277, 284 (App.Div. 1984). However, we have held that when the elements of two offenses overlap, but are not identical, with one offense containing an additional element which the State must prove, merger is not required, and the defendant may be charged with both offenses. See State v. Bogus, 223 N.J. Super. 409, 418-19 (App.Div.), certif. den., 111 N.J. 567 (1988); State v. Potts, 200 N.J. Super. 488, 495 (Law Div. 1985). The Potts court gave as the basis for its determination the rationale that "[t]he element of culpability [of aggravated manslaughter] is greater than mere recklessness," the element of culpability of death by auto. 200 N.J. Super. at 495.
As noted, N.J.S.A. 2C:1-8d provides that an offense shall be considered a lesser-included offense when "[i]t differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or *191 a lesser kind of culpability suffices to establish its commission." As distribution of drugs (N.J.S.A. 2C:35-5) is included as an element of distribution of drugs within 1,000 feet of a school (N.J.S.A. 2C:35-7), containing no additional elements to be proved, it would, without the language of section 7 under review, be considered a lesser-included offense of N.J.S.A. 2C:35-7. This was obviously recognized by the Legislature when it mandated that "notwithstanding the provisions of N.J.S.A. 2C:1-8 or any other provisions of law" the two sections shall not merge. N.J.S.A. 2C:35-7.
"[F]ractionalization of offenses may be proper where the acts are in fact distinct, where the Legislature intended them to be punished separately and where the fractionalization does not otherwise violate principles of due process and double jeopardy." State v. Best, 70 N.J. 56, 69 (1976), citing Davis, 68 N.J. at 78. The Davis Court stated that "the legislature may... within its constitutional authority, devise reasonable means to combat a social evil such as illegal trafficking in drugs and may endeavor to deter the recurrence of the proscribed conduct." 68 N.J. at 78. We noted in State v. Fraction, 206 N.J. Super. 532, 537 (App.Div. 1985), that "legislative design in enacting overlapping laws incriminating the same unlawful conduct" is an element to be considered by this court in determining whether appellant's convictions should be merged.
We are convinced that the Legislature's non-merger mandate under section 7 does not result in "simply apply[ing] different labels to what is in fact the same charge." Davis, 68 N.J. at 80. In some cases an attack on grounds of merger may implicate the substantive and constitutional rights of a defendant. State v. Rodriguez, 97 N.J. 263, 271 (1984). Here, however, we are satisfied that, because of the appropriateness of the Legislature's non-merger policy in furthering its goal of stopping drug traffic in school zones, no federal or state constitutional rights are violated. See Hunter, 459 U.S. at *192 366-67, 103 S.Ct. at 678-79, 74 L.Ed.2d at 542-43; DeLuca, 108 N.J. at 102.
The Legislature has made it clear that it expects that a defendant will be separately charged under N.J.S.A. 2C:35-5 and 2C:35-7 and that convictions on each must not merge. These two statutes proscribe different conduct: N.J.S.A. 2C:35-5 makes distribution of drugs alone illegal while N.J.S.A. 2C:35-7 makes distribution of drugs within 1,000 feet of a school illegal. Conviction of appellant under both provisions fulfills our Legislature's goal to combat the social evil of illegal trafficking in drugs. While the Legislature could have accomplished this goal by one statutory enactment with an enhanced penalty for distribution within 1,000 feet of a school, we cannot conclude that the accomplishing of the same objective by a means which adds separate penalties and the stigma of two separate convictions is constitutionally barred. Davis, 68 N.J. at 76. The United States Supreme Court's opinion in Missouri v. Hunter, specifically held such legislative action permissible under the Federal Constitution, 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543, and we find no clear State prohibition. Cf. State v. Churchdale Leasing, Inc., 115 N.J. 83, 107 (1989) (our Supreme Court noted, without deciding, that state constitutional law may conflict with Hunter as under our State Constitution the Legislature may exceed its authority by creating two offenses by applying different labels to the same offense).

II.
Appellant urges that the presumptive sentence for his conviction is four years, and that the five-year maximum imposed was erroneous because "the sentencing judge's weighing of aggravating and mitigating factors was fatally flawed...." N.J.S.A. 2C:44-1f(1)(d). The trial court found the following aggravating factors: "the nature of the offense" (N.J.S.A. 2C:44-1a(1)); the need to deter "defendant and others from possession of drugs with intent to distribute, particularly within 1,000 feet of school *193 property" (N.J.S.A. 2C:44-1a(9)); "defendant's prior juvenile and adult criminal record" (N.J.S.A. 2C:44-1a(6)), and "the very substantial risk that defendant will commit other offenses" (N.J.S.A. 2C:44-1a(3)). No mitigating factors were found.
Appellant claims that the court's recitation of the nature of the offense and the need to deter both rely upon elements of the crimes of which he was convicted, and thus are improper. See State v. Link, 197 N.J. Super. 615, 620 (App.Div. 1984), certif. den., 101 N.J. 234 (1985). The trial court did not simply rely on elements of the crimes. The court considered the number of transactions the police observed, the quantity of drugs and money involved, and number of heroin-filled glassine envelopes found on defendant. Our Supreme Court in Davis, noted that in dealing with individuals who distribute drugs it has been deemed necessary to "`turn the screw of the criminal machinery  detection, prosecution, and punishment  tighter and tighter.'" 68 N.J. at 80, quoting Gore v. United States, 357 U.S. 386, 392, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405, 1410, reh'g den. 358 U.S. 858, 79 S.Ct. 13, 3 L.Ed.2d 92 (1958).
Defendant's record reveals that although he was only 22 when sentenced in the present matter, he had already been arrested four times as a juvenile on various property offenses, and nine times as an adult on a variety of offenses, including drug, property, and assault charges. In addition, appellant was on probation but continued to openly sell drugs as reflected by his latest offenses. Thus, the sentencing judge properly considered "the substantial risk that defendant will commit other offenses."

III.
Appellant also contends that the imposition of a $50 laboratory fee on each of the two offenses, which involved only one CDS specimen, constitutes an excessive fine in violation of the Sixth Amendment to the United States Constitution. Appellant cites no authority for this proposition.
*194 N.J.S.A. 2C:35-20a provides, in relevant part, "any person convicted of an offense under this chapter shall be assessed a criminal laboratory analysis fee of $50.00 for each offense for which he was convicted." Having been sentenced on two separate counts, defendant was subject to mandatory laboratory fees of $100. It is sufficient to note that "the courts will not interfere with the legislative evaluation either as to the classification of offenders selected for separate treatment or as to the penalty prescribed for them, unless it is clearly constitutionally indefensible." State v. Smith, 58 N.J. 202, 211 (1971).

IV.
Finally, appellant contends that the trial court erred in suspending appellant's driver's license for two years on one count, and an additional year on the other. Question 25a of the Supplemental Plea Form For Drug Offenses, which appellant signed, stated, "Do you understand that if you plead guilty ... [y]ou will be required to forfeit your driver's license for a period of time from 6 to 24 months?" See N.J.S.A. 2C:35-16. The other provisions, concerning the forensic laboratory fee and the drug enforcement and demand reduction penalty, specifically noted that the stated penalty would apply "for each offense." N.J.S.A. 2C:35-16 provides that every person convicted of any offense shall forfeit his right to drive, not that each person shall forfeit the right to drive for each offense. Compare N.J.S.A. 2C:35-16 with N.J.S.A. 2C:35-20. The plain language of appellant's plea is in accordance with our interpretation of section 16, i.e., that appellant would be required to forfeit his driver's license for a period of 6 to 24 months. We reduce the period of suspension to 24 months. See State v. Howard, 110 N.J. 113, 122 (1988).
Appellant's convictions and sentences are affirmed, except as to appellant's driver's license forfeiture which is reduced to 24 months.