575 A.2d 876
STATE OF NEW JERSEY, PLAINTIFF/RESPONDENT/CROSS–AP-
PELLANT, v. DAVID DILLIHAY,
DEFENDANT/APPELLANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 23, 1990—Decided May 31, 1990.

Landau, J.A.D., concurred in part, dissented in part, and filed opinion.

Before Judges LONG, GRUCCIO and LANDAU.

*Al Glimis,* Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney; *Matthew A. Glassman,* Designated Counsel, of counsel and on the letter brief; *Al Glimis,* of counsel and on the reply letter brief).

*Michael J. Williams,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Michael J. Williams,* of counsel and on the brief).

The opinion of the court was delivered by

LONG, J.A.D.

Atlantic County Indictment No. 87–10–2188–C charged defendant David Dillihay with possession of a controlled dangerous substance, less than one ounce of marijuana, with intent to distribute, contrary to *N.J.S.A.* 2C:35–5a(1) and 2C:35–5b(12) (count one); possession of a controlled dangerous substance, marijuana, with intent to distribute within 1000 feet of school property, contrary to *N.J.S.A.* 2C:35–7 (count two); possession of a controlled dangerous substance, phencyclidine, contrary to *N.J.S.A.* 2C:35–10a(1) (count three); possession of a controlled dangerous substance, phencyclidine, within 1000 feet of school property, contrary to *N.J.S.A.* 2C:35–10a(1) (count four); possession of a controlled dangerous substance, phencyclidine, in a quantity of less than 10 grams, with intent to distribute, contrary to *N.J.S.A.* 2C:35–5a(1) and 2C:35–5b(7) (count five); and possession of a controlled dangerous substance, phencyclidine, in a quantity of less than 10 grams, with intent to distribute within 1000 feet of school property, contrary to *N.J.S.A.* 2C:35–7 (count six). Just before the trial began, the trial judge dismissed count four of the indictment, adding that if defendant was convicted on count three and not sentenced to a custodial term, the State could show that defendant possessed phencyclidine within 1000 feet of school property for sentencing purposes. The parties agreed that Municipal Court Complaint W–603278 for possession of marijuana contrary to *N.J.S.A.* 2C:35–10 would also be submitted to the jury for resolution. Defendant was found guilty on all counts.

In preparation for sentencing, the State agreed that defendant would serve a two year period of parole ineligibility rather than the ordinary three year term on count six pursuant to *N.J.S.A.* 2C:35–12; that count three (possession of phencyclidine) would merge with count five (possession of phencyclidine with intent to distribute), and that the municipal complaint would merge with count one. The trial judge also merged count two with count one and count six with count five. In so doing, he ruled that the anti-merger language in *N.J.S.A.* 2C:35–7 was meant only to ensure that the parole disqualifier provided in that statute be preserved in the event of merger. He sentenced defendant on count one to a custodial term of 18 months with a one year period of parole ineligibility pursuant to *N.J.S.A.* 2C:35–7. That sentence was to run concurrently with the sentence on count five but consecutive to the three year sentence previously imposed for defendant's violation of his probation. On count five, the judge imposed the presumptive custodial term of seven years with a two year period of parole ineligibility, to run concurrently with count one but consecutive to defendant's sentence for violating probation. The judge also imposed the following aggregate penalties: $60 Violent Crimes Compensation Board penalty; $2,750 D.E.D.R. penalty; $100 lab fees; and forfeiture of defendant's driver's license for a period of 12 months after defendant's release from incarceration.

Defendant appeals claiming that the following errors warrant reversal:

POINT I:
THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL.

POINT II:
THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL.

POINT III:
THE COURT ERRED IN FAILING TO MERGE POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE WITH POSSESSION OF PCP WITH INTENT TO DISTRIBUTE.

The State filed a cross appeal which was consolidated with defendant's appeal, claiming that the trial judge erred in merging defendant's convictions contrary to the provisions of *N.J. S.A.* 2C:35–7. We have carefully reviewed this record in light of the claims advanced by defendant which we have concluded are entirely lacking in merit. *R.* 2:11–3(e)(2). We consider the State's appeal to be likewise without merit. In our view, the trial judge's interpretation of *N.J.S.A.* 2C:35–7 is correct. We affirm substantially for the reasons expressed by Judge Perskie in his opinion of June 10, 1988. In reaching this conclusion, we choose to follow Judge Skillman's opinion in *State v. Gonzalez,* 241 *N.J.Super.* 92, 574 *A.*2d 487 (App.Div.1990) (decided May 8, 1990; Skillman, J.A.D., concurring in part and dissenting in part). *But see State v. Anaya,* 238 *N.J.Super.* 31, 568 *A.*2d 1208 (App.Div.1990); *State v. Blow,* 237 *N.J.Super.* 184, 567 *A.*2d 253 (App.Div.1989).

Affirmed.

LANDAU, J.A.D., concurring in part and dissenting in part.

I concur with the affirmance of Dillihay's convictions, and the rejection of his contentions on appeal. As to the *N.J.S.A.* 2C:35–7 merger issue presented by the State's cross-appeal, I must respectfully dissent.

The majority has chosen to rely upon Judge Skillman's dissent in *State v. Gonzalez,* 241 *N.J.Super.* 92, 574 *A.*2d 487 (App.Div.1990). I am convinced, however, that the Legislature has made clear in unambiguous terms its intention to create a separate non-mergable crime by enacting *N.J.S.A.* 2C:35–7, not merely to impose and preserve the parole ineligibility requirement. It could have readily accomplished the latter objective by a direct amendment with a penalty enhancement or parole ineligibility clause.

Respectfully, I prefer to adopt the majority reasoning in *Gonzalez* as expressed by Judge Brody, and in cases such as

*State v. Anaya,* 238 *N.J.Super.* 31, 39, 568 *A.*2d 1208 (App.Div. 1990); *State v. Blow,* 237 *N.J.Super.* 184, 189–92, 567 *A.*2d 253 (App.Div.1989); *State v. Ogar,* 229 *N.J.Super.* 459, 471, 551 *A.*2d 1037 (App.Div.1989); as well as my dissenting comments in *State v. Soto,* 241 *N.J.Super.* 476, 575 *A.*2d 501 (App.Div. 1990) decided by us today.

Accordingly, I would reverse on the merger issue and remand for resentencing. In resentencing, the trial judge should, of course, take into consideration the principles enunciated in *State v. Yarbough,* 100 *N.J.* 627, 643, 498 *A.*2d 1239 (1985), *cert.* den., 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986), and echoed in *State v. Miller,* 108 *N.J.* 112, 121–22, 527 *A.*2d 1362 (1987).