241 N.J. Super. 476 (1990)
575 A.2d 501
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARTIN ANTHONY SOTO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1990.
Decided May 31, 1990.
Before Judges PRESSLER, LONG and LANDAU.
Alfred A. Slocum, Public Defender, attorney for defendant-appellant (Michael B. Jones, Assistant Deputy Public Defender, of counsel and on the brief).
*477 Robert J. Del Tufo, Attorney General, attorney for plaintiff-respondent (Tanya Y. Justice, of counsel and on the brief).
The opinion of the court was delivered by LONG, J.A.D.
In December 1987, defendant Martin Anthony Soto was arrested in Perth Amboy in possession of 2.41 grams of cocaine. The State Street location of his arrest is within 1,000 feet of two schools. Defendant was charged in Middlesex County Indictment No. 499-03-88 with third degree possession of a controlled dangerous substance, cocaine, with intent to distribute, contrary to N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (count one); third degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1000 feet of school property, contrary to N.J.S.A. 2C:35-5a and 2C:35-7 (count two); and third degree possession of a controlled dangerous substance, cocaine, contrary to N.J.S.A. 2C:35-10a(1) (count three). After a jury trial, defendant was convicted on all counts. The trial judge merged count three into count one for sentencing. He then sentenced defendant on count one to a custodial term of five years and on count two to a consecutive custodial term of five years with three years of parole ineligibility. The judge imposed separate Drug Enforcement Demand Reduction penalties of $1,000 on each conviction and also imposed appropriate Violent Crimes Compensation Board penalties. In addition, he suspended defendant's driving privileges for six months on each conviction, the suspensions to run concurrently.
Defendant appeals claiming that the following errors warrant reversal:
POINT I:
THE JUDGE ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
POINT II:
THE PROSECUTOR'S MISCONDUCT IN HIS SUMMATION DEPRIVED DEFENDANT OF A FAIR TRIAL

*478 POINT III:

THE JUDGE ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT TWO.
POINT IV:
INASMUCH AS THE NON-MERGER PROVISIONS OF 2C:35-7 OFFEND BOTH DUE PROCESS AND FUNDAMENTAL CONCEPTS OF CRIMINAL JUSTICE, THE JUDGE ERRED IN NOT GRANTING DEFENSE COUNSEL'S MOTION TO MERGE COUNT ONE CHARGING A VIOLATION OF 2C:35-5 WITH THE CONVICTION FOR 2C:35-7 INASMUCH AS 2C:35-5 CONSTITUTES A LESSER INCLUDED OFFENSE OF 2C:35-7.
A. New Jersey Law Requires Merger To Prevent Defendant From Being Punished Twice For The Same Offense.
B. Notwithstanding N.J.S.A. 2C:35-7, Counts Two And Three Should Merge.
POINT V:
DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE AND IN VIOLATION OF THE DICTATES OF STATE V. YARBOUGH.

A. It Was Improper To Order Consecutive Sentences.
B. The Judge Improperly Allocated Defendant's Predispositional Credit.
C. The Court Should Have Imposed Only One Set Of Penalties.
We have carefully reviewed this record in light of the claims advanced in Points I, II and III of defendant's brief and have concluded that the arguments contained in those points are entirely lacking in merit. R. 2:11-3(e)(2). As to the contentions raised in Point IV of defendant's brief, we agree that his conviction under N.J.S.A. 2C:35-5a(1) and b(3) should have merged into his conviction under N.J.S.A. 2C:35-7 and that anti-merger language in N.J.S.A. 2C:35-7 does not bar such a result. In reaching this conclusion, we adopt the reasoning of Judge Skillman as expressed in his opinion in State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990); (decided May 8, 1990; Skillman, J.A.D., concurring in part and dissenting in part).
We are mindful of several recent decisions of this court which have interpreted the anti-merger language in N.J.S.A. 2C:35-7 as warranting the entry of separate convictions in circumstances such as these. State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990); State v. Anaya, 238 N.J. Super. 31, 568 A.2d 1208 (App.Div. 1990); State v. Blow, 237 N.J. Super. 184, 567 A.2d 253 (App.Div. 1989). Like Judge Skillman, we respectfully disagree with the conclusions reached in those *479 cases. See also State v. Morales, 224 N.J. Super. 72, 83, 539 A.2d 769 (Law Div. 1987).
We note that this is not a situation involving the flip of a coin between two equally viable interpretations of the same language. On the contrary, there is another crucial weight in this balance  the avoidance of a construction which could render the statute unconstitutional. Judge Skillman addressed this issue in Gonzalez:
Another principle supporting this conclusion is that statutes should be construed so as to preserve their constitutionality. State v. LeFurge, 101 N.J. 404, 423 [502 A.2d 35] (1986); State v. Profaci, 56 N.J. 346, 350 [266 A.2d 579] (1970). In State v. Davis, supra, 68 N.J. [69] at 80 [342 A.2d 841 (1975)], the court stated that "[w]ere the Legislature, in attempting to create separate crimes, to do no more than simply apply different labels to what is in fact the same charge, it would plainly exceed its authority." See also State v. Churchdale Leasing, Inc., supra, 115 N.J. [83] at 107 [557 A.2d 277 (1989)]. Relying upon this language, defendant argues that principles of double jeopardy are violated by subjecting him to multiple punishment under both N.J.S.A. 2C:35-5a and N.J.S.A. 2C:35-7 for a single criminal act. If the Legislature had clearly expressed an intent to impose multiple punishment under separate statutes for the same criminal act, I would uphold the constitutionality of that enactment substantially for the reasons expressed in State v. Blow, 237 N.J. Super. 184 [567 A.2d 253] (App.Div. 1989) and State v. Anaya, supra. However, the fact that the State's interpretation of the antimerger provision of N.J.S.A. 2C:35-7 raises significant constitutional questions is a further reason supporting a more restrictive interpretation that does not bar the merger of a conviction under N.J.S.A. 2C:35-5a into a conviction under N.J.S.A. 2C:35-7. See State v. Churchdale Leasing, Inc., supra. [Id. 241 N.J. Super. at 104, 574 A.2d 487.]
Our only difference with Judge Skillman is in connection with his inclination to declare constitutional at some future time a clear legislative enactment imposing multiple punishments for a single offense. See State v. Blow, supra. We recognize that in Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the United States Supreme Court declared legislative intent as determinative in the federal jeopardy context and that our own jeopardy protection has traditionally been construed as coextensive with the federal. Id. at 366, 103 S.Ct. at 676, 74 L.Ed.2d at 542. However, as our Supreme Court noted in State v. Churchdale Leasing, Inc., 115 N.J. 83, 557 A.2d 277 *480 (1989), the coextensive interpretation evolved in the context of multiple prosecutions and not multiple penalties, thus leaving open the question of the applicability of Missouri v. Hunter. Further, even if our Supreme Court began its jeopardy analysis with Missouri v. Hunter, it would, in its own words, be
obligated to reconcile the statement in Hunter that multiple punishment may be imposed if the Legislature clearly so intends with a conflicting proposition from our own cases. The conflicting proposition is that the Legislature would exceed its authority if in creating two offenses it simply applied different labels to the same offense. See State v. Davis, 68 N.J. 69, 80 [342 A.2d 841] (1975). [Churchdale Leasing, 115 N.J. at 107, 557 A.2d 277.]
See also State v. Newman, 223 N.J. Super. 284, 287-288, 538 A.2d 820 (App.Div. 1988). In our view, no reconciliation of those conflicting principles is possible because any scheme of multiple punishments for a single crime would violate our deeply imbedded notions of substantive due process and fundamental fairness. State v. Rodriguez, 97 N.J. 263, 478 A.2d 408 (1984).
Because the point on which we differ from Judge Skillman is not essential to his conclusion, nothing in our reservation detracts from our reliance on his statutory analysis and his determination that defendant's conviction for violating N.J.S.A. 2C:35-5a(1) and b(3) should have merged into his conviction for violating N.J.S.A. 2C:35-7.
One final note. This ruling renders the excessive sentence issues raised in defendant's brief moot. We choose nevertheless to express our opinion that even if our interpretation of the statutory scheme was in accord with Blow and Anaya we would not countenance the consecutive sentences here imposed. They clearly violate the guidelines for consecutive sentencing enunciated in State v. Yarbough, 100 N.J. 627, 643-644, 498 A.2d 1239 (1985), cert. den. 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). See also State v. Miller, 108 N.J. 112, 122, 527 A.2d 1362 (1987).
We remand the case to the trial judge for the entry of an amended judgment reflecting the vacation of defendant's conviction and sentence for violating N.J.S.A. 2C:35-5a(1) and *481 2C:35-5b(3) including elimination of the D.E.D.R. and V.C.C.B. penalties and the concurrent license suspension.
Affirmed in part; reversed and remanded in part.
LANDAU, J.A.D., concurring in part and dissenting in part.
I concur with the majority's rejection of Soto's arguments to the extent that they have been rejected. I also agree that the sentencing considerations of State v. Yarbough, 100 N.J. 627, 643, 498 A.2d 1239 (1985), cert. den., 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), were not properly addressed, and that a remand is warranted for that purpose. See State v. Miller, 108 N.J. 112, 121-22, 527 A.2d 1362 (1987).[1] However, I respectfully dissent from my colleagues' position on the merger issue.
I would adopt the reasoning expressed by Judge Brody in State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990) and also rely upon State v. Anaya, 238 N.J. Super. 31, 39, 568 A.2d 1208 (App.Div. 1990); State v. Blow, 237 N.J. Super. 184, 189-92, 567 A.2d 253 (App.Div. 1989); and State v. Ogar, 229 N.J. Super. 459, 471, 551 A.2d 1037 (App.Div. 1989). These cases, and, I would urge, State v. Miller, supra, have addressed and resolved the interpretative and constitutional concerns harbored by my majority colleagues.
I would add the observation that certain "status" offenses were previously recognized in Miller as non-mergable. It has also been held that an offense such as weapon possession by one previously convicted of certain crimes (N.J.S.A. 2C:39-7) *482 does not merge with the crime of possession.[2] Such offenses are no more illustrative of legislative recognition that there are separate interests which require protection than is N.J.S.A. 2C:35-7. The Legislature can decide to recognize the special status and interest represented by protection of schools, and therefore students, from drug trade in their vicinity. This it has done in N.J.S.A. 2C:35-7.
I would remand for resentencing in accordance with State v. Miller, but without merging Counts 1 and 2 as required by the majority.
NOTES
[1] "Where the offenses are closely related, it would ordinarily be inappropriate to sentence a defendant to the maximum term for each offense and also require that those sentences be served consecutively, especially where the second offense did not pose an additional risk to the victim." State v. Miller, 108 N.J. at 122, 527 A.2d 1362.
[2] See State v. Wright, 155 N.J. Super. 549, 383 A.2d 122 (App.Div. 1978), a pre-Code case.