245 N.J. Super. 257 (1991)
584 A.2d 878
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CORNEL GRAHAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1990.
Decided January 14, 1991.
*258 Before Judges KING, LONG and STERN.
Wilfredo Caraballo, Public Defender, attorney for appellant (William Welaj, Designated Counsel, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Janet Flanagan, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted for possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count one); possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (count two) and possession of a controlled dangerous substance with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7 (count three). Tried to a jury, defendant was convicted on all three counts. At sentencing, count one was merged into count two, and on the second count defendant was sentenced to the custody of the Commissioner of Corrections for four years. On count three he received *259 a concurrent five year sentence with the required three year period of parole disqualification. His driver's license was suspended for six months.[1] Mandatory laboratory fees, DEDR and VCCB penalties were also imposed.
On this appeal defendant contends:
POINT I THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION TO SUPPRESS THE STATEMENT TAKEN FROM THE POLICE SINCE IT WAS NOT VOLUNTARILY OBTAINED.
POINT II N.J.S.A. 2C:35-7 DENIES EQUAL PROTECTION AND DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS BY VIRTUE OF ITS ARBITRARY AND IRRATIONAL CLASSIFICATION OF OFFENDERS. (PARTIALLY RAISED BELOW).
POINT III N.J.S.A. 2C:35-7 VIOLATES THE STATE AND FEDERAL CONSTITUTIONAL PROVISIONS AGAINST DOUBLE JEOPARDY (NOT RAISED BELOW).
With respect to the first point, defendant contends that his statement was involuntary because it was made only after a detective promised him leniency for his cooperation. He testified that the detective said "I could go to the Prosecutor's Office and make a deal for you if you cooperate with me.... Well, his exact words were, a deal to make a lesser charge.... So, I just confessed and told him ... that I had the drugs...." The State's witnesses, however, denied there was such a "deal," and the trial judge concluded that he did not have to decide if such an unfulfilled promise rendered the statement involuntary. Rather, he concluded "as a matter of credibility I find, as a matter of fact, that no such such promise was made." The judge stated that his credibility findings were "beyond a reasonable doubt" for reasons expressly stated, including the incredibility of defendant's assertion that the promise was made before defendant was aware of the more serious charges to be filed against him.
As the trial judge made his findings on the basis of credibility, and those findings are supported by credible evidence in the *260 record, they cannot be disturbed by us. See State v. Kennedy, 97 N.J. 278, 285-287, 478 A.2d 723 (1984); State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964).
We adhere to our view that N.J.S.A. 2C:35-7 is constitutional. See e.g. State v. Gonzalez, 241 N.J. Super. 92, 95-96, 574 A.2d 487 (App.Div. 1990); State v. Todd, 238 N.J. Super. 445, 449, 570 A.2d 20 (App.Div. 1990); State v. Anaya, 238 N.J. Super. 31, 39, 568 A.2d 1208 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 471-472, 551 A.2d 1037 (App.Div. 1989); see also State v. Brown, 227 N.J. Super. 429, 432-437, 547 A.2d 743 (Law Div. 1988); State v. Rodriguez, 225 N.J. Super. 466, 542 A.2d 966 (Law Div. 1988); State v. Morales, 224 N.J. Super. 72, 539 A.2d 769 (Law Div. 1987).
In State v. Anaya, 238 N.J. Super. 31, 568 A.2d 1208 (App. Div. 1990), we rejected the precise constitutional double jeopardy issue raised by the defendant on this appeal. We adhere to that decision. See also State v. Blow, 237 N.J. Super. 184, 567 A.2d 253 (App.Div. 1989), certif. granted 122 N.J. 153, 584 A.2d 222 (1990). However, because our dissenting colleague has taken a different position on the statutory and constitutional issues discussed in Blow and Anaya, see State v. Dillihay, 241 N.J. Super. 553, 575 A.2d 876 (App.Div. 1990); State v. Soto, 241 N.J. Super. 476, 575 A.2d 501 (App.Div. 1990), and because of the case law developments since Anaya and Blow, we briefly add the following.
The only issue raised in State v. Anaya concerning N.J.S.A. 2C:35-7, as indicated by the point headings quoted in that opinion, was the constitutional argument. Nevertheless, because of a passing reference to statutory construction, we briefly addressed that point in footnote 5. See 238 N.J. Super. at 39, 568 A.2d 1208. Subsequently, in his dissenting opinion in State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990) (adopted with respect to statutory construction by our dissenting colleague in State v. Dillihay and State v. Soto), Judge Skillman, endeavoring to avoid a constitutional issue, *261 disagreed with the conclusion embodied in footnote 5 of Anaya[2] and concluded that convictions for offenses under N.J.S.A. 2C:35-5 and N.J.S.A. 2C:35-7 could merge, provided that the mandatory three year ineligibility term required by the latter is preserved. As legislative intent controls with respect to the issue of merger, see State v. Anaya and State v. Blow, both supra, the critical issue is one of legislative intent, and we believe that that intent is clearly embodied in the provisions of N.J.S.A. 2C:35-7.
N.J.S.A. 2C:35-7 specifically refers to N.J.S.A. 2C:1-8 and provides that "notwithstanding the provisions of N.J.S.A. 2C:1-8, or any other provisions of law, a conviction arising under [N.J.S.A. 2C:35-7] shall not merge with the conviction for a violation of" N.J.S.A. 2C:35-5a or N.J.S.A. 2C:35-6. N.J.S.A. 2C:1-8a, the Code's general merger provision, bars multiple convictions when a defendant is convicted of an offense and an "included" offense. See N.J.S.A. 2C:1-8a,(1),d.[3] Thus, under N.J.S.A. 2C:1-8, an included offense is merged into a greater offense. The Legislature's express statement that an offense under N.J.S.A. 2C:35-7 shall not merge "with" seems to clearly prohibit exactly what Judge Skillman suggests it permitted. N.J.S.A. 2C:35-7 does not permit merger of offenses under N.J.S.A. 2C:35-5 into N.J.S.A. 2C:35-7, or vice versa, provided that the ineligibility term survives. It plainly prohibits the merger of each "with" the other. Judge Skillman's conclusion would have support if the Legislature in N.J.S.A. 2C:35-7 permitted the merger of one offense "into" the other, or didn't *262 bar their merger, so long as the ineligibility term survived. The Legislature certainly knew how to provide for the survival of the mandatory ineligibility term without prohibiting merger when, for example, it enacted the Graves Act, N.J.S.A. 2C:43-6c, which requires imposition of a mandatory ineligibility term but does not prohibit merger of Graves Act and other offenses. See State v. Connell, 208 N.J. Super. 688, 506 A.2d 829 (App. Div. 1986). See also State v. Gonzalez, supra, 241 N.J. Super. at 98, 574 A.2d 487.
The constitutional issue in this case only relates to the double jeopardy provision. Our State double jeopardy provision prohibits retrials after acquittals. See N.J.S.A. Const. 1947 Art. 1, ¶ 11 ("No person shall, after acquittal, be tried for the same offense"). We therefore, for the reasons stated in State v. Anaya, conclude that the defendant can obtain no greater protection or benefits under the state constitution than he receives from the federal. As, under the federal constitution, legislative intent controls with respect to the merger of two offenses resulting in simultaneous dispositions, defendant has no cognizable state constitutional argument.
We recognize that recently our Supreme Court, in State v. Koedatich, 118 N.J. 513, 572 A.2d 622 (1990), decided the constitutionality of permitting a jury in a death penalty case to consider aggravating factors which were not found unanimously at a first trial. In that case, the Supreme Court acknowledged its "willingness to read our state constitutional provisions more expansively than the federal counterpart where necessary to provide our citizens with enhanced protections," 118 N.J. at 524, 572 A.2d 622, but concluded that there was "no distinct tradition of state-constitutional doctrine [which requires] departure from federal decisions on this issue." Id. Given the fact that our double jeopardy clause has been so consistently interpreted to be co-extensive with, and to provide no greater protection than, the federal double jeopardy clause, see e.g. State v. DeLuca, 108 N.J. 98, 101-102, 527 A.2d 1355 *263 (1987), certif. denied sub. nom. New Jersey v. DeLuca, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Barnes, 84 N.J. 362, 370, 420 A.2d 303 (1980); State v. Rechtschaffer, 70 N.J. 395, 360 A.2d 362 (1976); State v. Anaya, supra, 238 N.J. Super. at 37, 568 A.2d 1208; State v. D'Amato, 218 N.J. Super. 595, 602, 528 A.2d 928 (App.Div. 1987), certif. denied, 110 N.J. 170, 540 A.2d 169 (1988); but see State v. Churchdale Leasing Inc., 115 N.J. 83, 107, 557 A.2d 277 (1989), the federal precedent cited in Anaya with respect to double jeopardy principles must control.[4] We are not here dealing with a consecutive sentence for essentially the same acts, but if we were, that question could be considered under other non-constitutional principles. See e.g. State v. Roth, 95 N.J. 334, 364-365, 471 A.2d 370 (1985).
The judgment is affirmed.
LONG, J.A.D., dissenting.
My position on the issues in this case is fully set forth in State v. Soto, 241 N.J. Super. 476, 575 A.2d 501 (App.Div. 1990) which generally adopts the approach enunciated by Judge Skillman in his dissenting opinion in State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990). I add only that the majority has lionized the single word "with" in N.J.S.A. 2C:35-7 at the expense of the common sense of the statute as a whole. This approach violates the well-established principle of statutory interpretation that the will of the lawgiver is to be found not by mechanical reliance on the literal reading of a particular word but by the exercise of "judgment in assessing the expression as a composite whole. The indubitable reason of legislative *264 terms in the aggregate is not to be sacrificed to scholastic strictness of definition or concept." Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378, 122 A.2d 339 (1956). See also State v. Downie, 117 N.J. 450, 464, 569 A.2d 242 (1990), cert. denied, ___ U.S. ___, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990) ("We must search for indications of legislative intent or for the inferences that may be drawn from the structure and purpose of the statute."). In addition, this interpretative scheme results in the evisceration of the equally well-established principle that ambiguities in penal statutes are to be resolved against the State. State v. Churchdale Leasing, Inc., 115 N.J. 83, 102, 557 A.2d 277 (1989). It further fails to honor the well-settled rule that statutes are to be interpreted in a way to preserve their constitutionality. Id. at 107, 557 A.2d 277; State v. Soto, supra, 241 N.J. Super. at 479-480, 575 A.2d 501; State v. Gonzalez, supra, 241 N.J. Super. at 104, 574 A.2d 487. Finally, it fails to ascribe any discernible meaning to the contemporaneous expression of legislative understanding embodied in the official commentary to the Comprehensive Drug Reform Act (L. 1987, c. 106) which states that the purpose of the anti-merger provision is
to ensure the imposition of the mandatory term of imprisonment ... even where the defendant is also convicted of an underlying second-degree distribution offense which otherwise would not mandate a term of imprisonment and parole ineligibility.
"Official Commentary to the Comprehensive Drug Reform Act (Laws 1987, Chapter 106)," 9 Crim.Just.Q. 157 (1987).
For these reasons, I would remand the matter for the entry of an amended judgment vacating defendant's conviction under N.J.S.A. 2C:35-5a(1) on the ground that it merges with his conviction under N.J.S.A. 2C:35-7.
NOTES
[1] His driver's license was only suspended on count two, but see N.J.S.A. 2C:35-16; State in the Interest of J.R., 244 N.J. Super. 630, 583 A.2d 376 (App.Div. 1990). There is no issue raised on this point and as it is stated that defendant "never had" a driver's license, we do not address the question further.
[2] Judge Skillman is clearly correct in suggesting that the footnote as written lacks clarity and persuasion, particularly because of the inappropriate use of the word "require" in the second sentence. In the sentence we were merely endeavoring to answer the suggestion that if a conviction under N.J.S.A. 2C:35-7 could not merge into a conviction under N.J.S.A. 2C:35-5a, a conviction under N.J.S.A. 2C:35-5a could merge into one under N.J.S.A. 2C:35-7.
[3] The other provisions of N.J.S.A. 2C:1-8a are not related to the issue of "merger" as such.
[4] The Supreme Court has not, as yet, specified whether the constitutional basis for merger "emanates from double jeopardy, substantive due process, or some other legal principle." State v. Churchdale Leasing, Inc., supra, 115 N.J. at 107, 557 A.2d 277. See also, e.g., State v. Truglia, 97 N.J. 513, 522, 480 A.2d 912 (1984); State v. Best, 70 N.J. 56, 59, 356 A.2d 385 (1976). As double jeopardy is the only basis for merger asserted in this case, we address no other constitutional doctrine.