588 A.2d 821

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RAYMOND BLOW, DEFENDANT-APPELLANT.

Argued January 2, 1991—Decided April 9, 1991.

*Mordecai Garelick*, Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo*, Public Defender, attorney).

*Carol M. Henderson*, Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney).

PER CURIAM.

We granted certification, 122 *N.J.* 153, 584 *A.*2d 222 (1990), to review the Appellate Division's determination that defendant's convictions for the third-degree offense of possession of heroin with intent to distribute (*N.J.S.A.* 2C:35–5a(1) and –5b(3)) did not merge with his conviction for possession of heroin with intent to distribute within 1,000 feet of school property (*N.J.S.A.* 2C:35–5a and *N.J.S.A.* 2C:35–7). 237 *N.J.Super.* 184, 567 *A.*2d 253. For the reasons set forth in our opinion in *State v.*

*Gonzalez,* 123 *N.J.* 462, 588 *A.*2d 816 (1991), also decided today, we hold that the offenses did merge. See also *State v. Gonzalez,* 241 *N.J.Super.* 92, 99–108, 574 *A.*2d 487 (App.Div. 1989) (Skillman, J.A.D., concurring in part and dissenting in part).

We reverse so much of the judgment below as denied merger. We remand the cause to the trial court for entry of an amended judgment vacating defendant's conviction for possession with intent to distribute under *N.J.S.A.* 2C:35–5a(1) and –5b(3).

O'HERN, J., dissenting.

For the reasons set forth in my dissenting opinion in *State v. Gonzalez,* 123 *N.J.* 462, 588 *A.*2d 816 (1991), I would affirm so much of the judgment below that denied merger of the *N.J.S.A.* 2C:35–5 and *N.J.S.A.* 2C:35–7 offenses.

GARIBALDI, J., joins in this opinion.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK and STEIN—5.

*For affirmance*—Justices O'HERN and GARIBALDI—2.